IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 19, 2007

Charles R. Fulbruge III
Clerk

No. 06-60397
Summary Calendar

CORNELIUS TAYLOR

Plaintiff-Appellant

v.

CMCF 720 CLINIC; MISSISSIPPI DEPARTMENT OF CORRECTIONS;
CHRISTOPHER B EPPS; LAWRENCE KELLY; ROBERT CULPEPPER;
GLORIA PERRY; JOHN DOES

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:04-CV-520

Before WIENER, GARZA, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Cornelius Taylor, Mississippi prisoner # K3171, alleged
under 42 U.S.C. § 1983 that, when he suffered a heart attack, prison clinic
officials gave him substandard treatment and delayed calling an ambulance to
take him to the hospital, thereby causing extensive damage to his heart. Taylor
appeals the district court's dismissal of his complaint under 28 U.S.C.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

§ 1915(e)(2)(B)(i) and (ii) as frivolous and for failure to state a claim on which relief may be granted. We review a dismissal as frivolous pursuant to § 1915(e)(2)(B)(i) for abuse of discretion and review a dismissal for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) de novo. Geiger v. Jowers, 404 F.3d 371, 373 (2005); Harris v. Hegmann, 198 F.3d 153, 156 (5th Cir. 1999). As the district court dismissed the claims pursuant to both subsections, our review is de novo. See Geiger, 404 F.3d at 373.

Taylor asserts that the prison clinic staff had access to his health records which show that he had suffered a heart attack prior to his incarceration; therefore the clinic staff had actual knowledge of the risk to his health that would result from delaying proper treatment. He is incredulous that the clinic staff could have given him such substandard treatment but for deliberate indifference.

Prison officials violate the Eighth Amendment's prohibition against cruel and unusual punishment when they demonstrate deliberate indifference to a prisoner's serious medical needs, constituting an "unnecessary and wanton infliction of pain," or when they delay medical care "if there has been deliberate indifference [that] results in substantial harm." Estelle v. Gamble, 429 U.S. 97, 104-05 (1976) (internal quotations and citation omitted); Easter v. Powell, 467 F.3d 459, 463 (5th Cir. 2006) (internal quotation marks and citation omitted). A prison official acts with deliberate indifference when he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994).

The facts alleged by Taylor demonstrate that, in the two and a half hours that Taylor was in the prison clinic before being transported to the hospital, the clinic staff tried to ascertain whether Taylor was having a heart attack. They performed an enzyme test and placed Taylor on a cardiac monitor; provided

2

Taylor with oxygen, an analgesic, and an aspirin; and attempted to keep him calm. It appears to be true that the clinic staff wrongly concluded that Taylor was not having a heart attack, but when Taylor's symptoms did not improve, he was taken to a hospital in an ambulance. (Taylor has no complaint about his treatment in the hospital.)

Taylor may have pled facts sufficient to demonstrate that he was the victim of medical malpractice or negligence and that he suffered serious harm as a result; however, unsuccessful medical treatment, negligence, neglect, and medical malpractice do not give rise to a § 1983 action. Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991). Taylor has not pled facts sufficient to demonstrate, if true, that the defendants disregarded an excessive risk to his health. See Farmer, 511 U.S. at 837. The judgment of the district court is AFFIRMED. Taylor's motion for summary judgment by default is DENIED.