United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 5, 2006**

Charles R. Fulbruge III
Clerk

REVISED OCTOBER 10, 2006

*In the United States Court of Appeals*
*for the Fifth Circuit*

No. 04-11332

JOHN EDWARD EASTER, also known as Stephen Easter,

Plaintiff - Appellee,

v.

GAYLA POWELL,

Defendant - Appellant.

Appeal from the United States District Court
for the Northern District of Texas
No. 7:02-CV-280-R

Before HIGGINBOTHAM, DEMOSS, and OWEN, Circuit Judges.

PER CURIAM:

John Edward Easter, a prison inmate acting *pro se*, brought a 42 U.S.C. § 1983 claim

against prison nurse Gayla Powell, alleging deliberate indifference to his serious medical

needs in violation of the Eighth Amendment. The only issue in this interlocutory appeal is

whether Powell is entitled to qualified immunity as a matter of law. We hold that Powell

was not entitled to summary judgment on her immunity defense because Easter alleged the

violation of a clearly established constitutional right and Powell failed to establish that her

conduct was objectively reasonable as a matter of law. Therefore, we affirm the district

court's judgment and remand the case for further proceedings consistent with this opinion.

**I**

Easter, a prison inmate who has a history of serious heart problems, was taken to the prison infirmary for chest pain and vomiting. A prison doctor prescribed oxygen and nitroglycerin, a medication used to prevent chest pain by relaxing the blood vessels to the heart. The label on Easter's nitroglycerin bottle included instructions to "dissolve 1 tablet under [his] tongue every 5 minutes as–needed for chest pain; after 3 tablets or 15 minutes call doctor if no relief has been obtained." Approximately fifteen minutes after receiving nitroglycerin, Easter's chest pain ceased and he returned to his cell.

Two days later, Easter went back to the prison infirmary, again complaining of severe chest pain. At the infirmary, Easter informed Nurse Powell that he had been experiencing severe chest pain for approximately twenty minutes. Powell took Easter's blood pressure and sent him to the prison pharmacy to have his nitroglycerin prescription refilled. Because the pharmacy was closed, Easter returned to the infirmary and repeated his request that Powell provide him with nitroglycerin. Powell accused Easter of being argumentative, stated that his blood pressure was normal, and ordered him to leave. After reminding Powell that he was there for chest pain and not blood pressure, Easter requested an electrocardiogram[1] and nitroglycerin. Powell refused Easter's requests and had security escort him to his cell. After four hours of severe pain, Easter returned to the infirmary and was given nitroglycerin

---

[1]An electrocardiogram is an electrical recording of the heart that is used to investigate heart disease.

by a different medical professional. Easter alleges that by the time his pain ceased, blood vessels in his left eye had burst, causing it to fill with blood.

Easter sued Powell pursuant to 42 U.S.C. § 1983, alleging that Powell violated his Eighth Amendment rights by denying him medical treatment and refusing to perform an EKG. Powell moved for summary judgment, arguing that (1) she did not violate Easter's Eighth Amendment rights and (2) she was entitled to qualified immunity from Easter's suit. The district court granted Powell's motion for summary judgment as to Easter's claim that Powell violated his Eighth Amendment rights by delaying medical treatment because Easter did not allege that the delay resulted in substantial harm.[2] The court concluded, however, that Easter stated an Eighth Amendment claim for damages for the pain he allegedly suffered during the several hours he was denied treatment and Powell failed to establish as a matter of law that her actions in delaying treatment were objectively reasonable. The court therefore denied Powell's motion for summary judgment on that claim and her qualified immunity defense.

Powell has pursued this interlocutory appeal.

---

[2]*See Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993) ("[D]elay in medical care can only constitute an Eighth Amendment violation if there has been deliberate indifference, which results in substantial harm.").

## II

A district court's order denying qualified immunity is immediately appealable only to the extent that it turns on an "issue of law."[3] A district court's decision to deny qualified immunity on a motion for summary judgment is "not appealable if [it is] based on a claim regarding the sufficiency of the evidence."[4] Thus, we only have jurisdiction to determine whether, viewing the facts in the light most favorable to Easter, Powell is entitled to qualified immunity as a matter of law;[5] we do not have jurisdiction to determine whether the evidence is sufficient to support either party's version of the facts.[6] We review the denial of Powell's motion for summary judgment *de novo*.[7]

"[G]overnment officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."[8] When

---

[3] *Palmer v. Johnson*, 193 F.3d 346, 350-51 (5th Cir. 1999).

[4] *Id.*

[5] *See Behrens v. Pelletier*, 516 U.S. 299, 313 (1996) (noting that a determination that the defendant is or is not entitled to qualified immunity under a sufficiently supported set of facts is a reviewable, abstract issue of law); *Gobert v. Caldwell*, No. 05-30820, 2006 WL 2474846, at *1 (5th Cir., Aug. 29, 2006) ("This court 'must accept the plaintiff's version of the facts as true' and may review *de novo* only the purely legal question of whether 'the district court erred in concluding as a matter of law that officials are not entitled to qualified immunity on [that] given set of facts.'").

[6] *Palmer*, 193 F.3d at 351 ("[O]n this interlocutory appeal we do not review . . . the district court's assessment of what facts are established by or inferable from the evidence.").

[7] *Gobert*, 2006 WL 2474846 at *1.

[8] *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *see also Hall v. Thomas*, 190 F.3d 693, 696 (5th Cir. 1999) (recognizing that the administration of medical care to an inmate is a discretionary

assessing whether a defendant is entitled to qualified immunity, we engage in a bifurcated analysis.[9] First, we determine whether, under current constitutional standards, the plaintiff has alleged a violation of a clearly established constitutional right.[10] If so, we then decide if the defendant's conduct was objectively reasonable in light of the clearly established law at the time of the incident.[11] A government official is entitled to qualified immunity if either (1) the plaintiff failed to state a constitutional claim or (2) the defendant's conduct was objectively reasonable in light of the clearly established law.[12]

Easter alleges that Powell violated his Eighth Amendment right to be free from cruel and unusual punishment. Although the Eighth Amendment "does not, by its precise words, mandate a certain level of medical care for prisoners[,]"[13] the Supreme Court has interpreted it as imposing a duty on prison officials to "ensure that inmates receive adequate . . . medical care."[14] A prison official violates the Eighth Amendment's prohibition against cruel and

---

function).

[9]*Rankin v. Klevenhagen*, 5 F.3d 103, 105 (5th Cir. 1993).

[10]*Id.* at 105, 108 ("When evaluating whether a plaintiff stated a constitutional violation, we look[] to currently applicable constitutional standards. However, '[t]he objective reasonableness of an official's conduct must be measured with reference to the law as it existed at the time of the conduct in question.'" (internal citations omitted)).

[11]*Id.* at 105.

[12]*Salas v. Carpenter*, 980 F.2d 299, 310 (5th Cir. 1992) ("Even if an official's conduct violates a constitutional right, he is entitled to qualified immunity if the conduct was objectively reasonable.").

[13]*Stewart v. Murphy*, 174 F.3d 530, 533 (5th Cir. 1999).

[14]*Farmer v. Brennan*, 511 U.S. 825, 832 (1994).

unusual punishment when his conduct demonstrates deliberate indifference to a prisoner's serious medical needs, constituting an "unnecessary and wanton infliction of pain."[15] The mere delay of medical care can also constitute an Eighth Amendment violation but only "if there has been deliberate indifference [that] results in substantial harm."[16]

The "deliberate indifference" standard requires "a showing that the official was subjectively aware of the risk [of serious harm to the inmate]."[17] "[A] prison official cannot be found liable under the Eighth Amendment . . . unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."[18] However, a prison official's knowledge of a substantial risk of harm may be inferred if the risk was obvious.[19] For example,

> [I]f an Eighth Amendment plaintiff presents evidence showing that a substantial risk of inmate attacks was longstanding, pervasive, well-documented, or expressly noted by prison officials in the past, and the circumstances suggest that the defendant-official being sued had been exposed to information concerning the risk and thus must have known about it, then such evidence could be sufficient to permit a trier of fact to find that the defendant-official had actual knowledge of the risk.[20]

---

[15]*Wilson v. Seiter*, 501 U.S. 294, 297 (1991) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

[16]*Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993).

[17]*Farmer*, 511 U.S. at 829.

[18]*Id.* at 837.

[19]*Id.* at 842-43 (internal quotations omitted).

[20]*Id.*

Taking Easter's allegations as true, as we must,[21] Powell knew that Easter (1) had a heart condition, (2) was experiencing severe chest pain, and (3) did not have his prescribed heart medication. The record evidence indicates that Easter's prior heart problems were well-documented in his medical chart, which indicated that he had heart disease and had suffered a heart attack, and that Powell had been exposed to the information. Therefore, it can be inferred from the circumstances that Powell was subjectively aware of a substantial risk of harm to Easter's health.

Although Powell was aware of that substantial risk, she did nothing more than direct Easter to the pharmacy to obtain a refill of his nitroglycerin prescription. When Powell learned that the pharmacy was closed, she sent Easter back to his cell without providing him any treatment. There is no indication in the record that Powell did not have access to nitroglycerin or that she was unable to offer Easter any other treatment options. Accepting Easter's allegations as true, Powell was aware of a serious risk to Easter's health, yet turned a deaf ear to his request for medical treatment.

Powell argues that Easter alleges only a disagreement about the nature of the treatment provided, not an actionable deliberate indifference claim. Although mere disagreement with the treatment provided is not sufficient to state a claim for deliberate indifference,[22] Easter is not alleging mere disagreement with the course of treatment Powell

---

[21]*Salas v. Carpenter*, 980 F.2d 299, 304 (5th Cir. 1992) ("Our review [of whether a valid constitutional claim has been made] is plenary accepting the facts in the light most favorable to the nonmoving party.").

[22]*Stewart v. Murphy*, 174 F.3d 530, 537 (5th Cir. 1999).

provided to him. Rather, Easter alleges that Powell failed to follow a prescribed course of treatment that called for the administration of nitroglycerin when he experienced chest pain.[23]

A prison inmate can demonstrate an Eighth Amendment violation by showing that a prison official "'refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs.'"[24] According to Easter's allegations, Powell refused to provide any treatment to, and ignored the complaints of, a patient suffering from severe chest pain that she knew had a history of cardiac problems. Powell's alleged conduct meets the "deliberate indifference" threshold.[25]

"[D]elay in medical care can only constitute an Eighth Amendment violation if there

---

[23]*See Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976) (noting that deliberate indifference can be "manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed").

[24]*Domino v. Tex. Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001).

[25]*See Austin v. Johnson*, 328 F.3d 204, 210 (5th Cir. 2003) (holding that a defendant's failure to call an ambulance for almost two hours while plaintiff lay unconscious and vomiting rises to the level of deliberate indifference); *Harris v. Hegmann*, 198 F.3d 153, 159-60 (5th Cir. 1999) (concluding that ignoring an inmate's repeated requests for medical treatment and complaints of excruciating pain satisfied the deliberate indifference standard); *see also Sealock v. Colorado*, 218 F.3d 1205, 1210 (10th Cir. 2000) (concluding that a prison official's refusal to drive an inmate to the hospital when he had been informed that the inmate might be having a heart attack and witnessed the inmate displaying symptoms consistent with a heart attack met the deliberate indifference standard); *Hudson v. McHugh*, 148 F.3d 859, 863-64 (7th Cir. 1998) (stating that "an inmate with a potentially serious problem repeatedly requesting medical aid, receiving none, and then suffering a serious injury" is "the prototypical case of deliberate indifference"); *Steele v. Choi*, 82 F.3d 175, 179 (7th Cir. 1996) ("If [the inmate]'s chart had page after page documenting a heart condition, and he came in with a set of symptoms consistent with a heart attack, it is possible that the *Farmer* standard might be met.").

has been deliberate indifference [that] *results in substantial harm.*"[26]  The district court

determined that Easter made no claim of any lasting complications resulting from the delay

in receiving nitroglycerin, and thus failed to show an Eighth Amendment violation *as to the*

*delayed treatment*.  Even if Easter failed to state an Eighth Amendment violation with regard

to the delay in medical treatment, which we need not decide for purposes of the qualified

immunity issue on appeal, Easter clearly stated an Eighth Amendment violation with regard

to the severe chest pain he suffered during the period of time Powell refused to treat him.

When a government official violates a constitutional right, the official is nevertheless

entitled to qualified immunity if his or her conduct is objectively reasonable in light of

clearly established law.[27]  A law is "clearly established" if it is "sufficiently clear that a

reasonable official would understand that what he [or she] is doing violates that right."[28]

However, "[t]his is not to say that an official action is protected by qualified immunity unless

the very action in question has previously been held unlawful; but it is to say that in the light

of pre-existing law the unlawfulness must be apparent."[29]  "The law can be clearly

established despite notable factual distinctions between the precedents relied on and the

cases then before the Court, so long as the prior decisions gave reasonable warning that the

---

[26]*Mendoza v. Lynaugh*, 989 F.2d 191, 193 (5th Cir. 1993) (emphasis added).

[27]*Salas v. Carpenter*, 980 F.2d 299, 310 (5th Cir. 1992).

[28]*Anderson v. Creighton*, 483 U.S. 635, 640 (1987).

[29]*Id.* (internal citations omitted).

9

conduct then at issue violated constitutional rights."[30]

At the time Powell denied Easter treatment, the law was clearly established that a prison inmate could demonstrate an Eighth Amendment violation by showing that a prison official "'refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs.'"[31] The summary judgment record reflects that Powell offered no treatment options to a patient with a history of cardiac problems who was experiencing severe chest pains. This is some evidence that no reasonable official could have believed such conduct was lawful in light of clearly established law.[32] Because there is evidence that Powell's conduct was not objectively reasonable in light of clearly established law, and Powell adduced no competent summary judgment evidence to show otherwise, Powell is not entitled to summary judgment based on qualified immunity.

\* \* \* \* \*

The district court's judgment is AFFIRMED and the cause is REMANDED for further proceedings consistent with this opinion. Easter's motion to dismiss Powell's appeal as

---

[30]*Kinney v. Weaver*, 367 F.3d 337, 350 (5th Cir. 2004) (en banc) (quoting *Hope v. Pelzer*, 536 U.S. 730, 740 (2002)) (internal quotation marks omitted); *see also Austin*, 328 F.3d at 210 ("Defendants' contention that no case has specifically proscribed the withholding of medical treatment for boot camp attendees reads the right too narrowly; officers need only have 'fair warning' that their conduct is unlawful.").

[31]*Domino*, 239 F.3d at 756.

[32]*See Austin*, 328 F.3d at 207 ("An official's conduct is . . . objectively reasonable unless 'all reasonable officials would have realized the particular challenged conduct violated the constitutional provisions sued on.'").

frivolous is DENIED.