United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 16, 2007**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT

No. 04-41696

LORENZO THOMAS,

Plaintiff-Appellee,

versus

JACKSON COMSTOCK, Lieutenant,

Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Texas
(9:99-CV-333)

Before JONES, Chief Judge, and WIENER and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

This action, brought pursuant to 42 U.S.C. § 1983 by then-inmate Lorenzo Thomas, claims Lieutenant Jackson Comstock used excessive force. Thomas appeared *pro se* at trial and was awarded one dollar in damages. His appeal was dismissed for want of prosecution. On the other hand, Lieutenant Comstock appeals, *inter alia*, the denial of judgment as a matter of law (JML), premised on

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

qualified immunity (QI).  Thomas has *not* filed a brief in response.

**VACATED and RENDERED.**

I.

After spending the 15-day maximum term in solitary confinement in July 1996, Thomas was ordered to move to his new prison-housing assignment.  He refused to do so, claiming other inmates housed in the designated building posed a danger to his life.  Major Hickson, a supervisor at the prison, was notified of Thomas' refusal to leave solitary confinement.  Aware of Thomas' concerns about his housing assignment, Major Hickson ordered Lieutenant Comstock to move Thomas, authorizing the use of force, if necessary:  Oleoresin Capsicum spray (OC spray) and/or a five-man response team.

Lieutenant Comstock ordered Thomas to submit to hand restraints to allow him to be moved.  Thomas refused, even after being told Lieutenant Comstock was authorized to use force to achieve compliance.  Before using force, Lieutenant Comstock: obtained a video camera to record his and Thomas' interaction; telephoned the medical department and obtained clearance to use the OC spray against Thomas; telephoned the psychological department to verify Thomas had no mental health restrictions; and had medical personnel and the five-man response team in place.

Lieutenant Comstock then advised Thomas he was going to be sprayed; in response, Thomas covered his face with his shirt.

2

Lieutenant Comstock administered an approximately 1.8-ounce burst of OC spray.

Shortly thereafter, Thomas submitted to hand restraints and was moved to the infirmary, where he was allowed to shower to remove any chemical residue. The use-of-force injury report notes Thomas made *no* complaints and received *no* medical treatment following administration of the OC spray.

Thomas filed this action pursuant to § 1983, claiming Lieutenant Comstock's OC-spray use constituted excessive force, in violation of the Eighth and Fourteenth Amendments. After various delays, including an interlocutory appeal, a two-day trial was held in September 2004. (Lieutenant Comstock had *not* moved for summary judgment based on QI.) Pursuant to Federal Rule of Civil Procedure 50(a), Lieutenant Comstock moved for JML both at the close of Thomas' case and of all the evidence, including based on QI; but, because trial of this action had been so delayed, the district judge reserved ruling on JML until after a verdict was rendered. The jury awarded Thomas one dollar.

Post-verdict, the district court denied the pending JML motions and entered judgment. Lieutenant Comstock again moved for JML and, also, for a new trial; Thomas, for an additur or a new trial. The motions were denied.

II.

Lieutenant Comstock claims, *inter alia*, he is entitled to JML based on QI. Because he is entitled to QI, we need *not* reach the other issues he raises on appeal.

The denial of JML is reviewed *de novo*. *E.g.*, **Burge v. St. Tammany Parish**, 336 F.3d 363, 369 (5th Cir. 2003). We apply the same standard the district court applied and consider the evidence in the light most favorable to the party opposing the motion. *E.g.*, **Bank of Saipan v. CNG Fin. Corp.**, 380 F.3d 836, 840 (5th Cir. 2004). JML is proper if "a reasonable jury would not have a legally sufficient evidentiary basis to find for [a] party on [an] issue". FED. R. CIV. P. 50(a); *see* **Huss v. Gayden**, 465 F.3d 201, 205 (5th Cir. 2006).

Concerning QI, "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known". **Harlow v. Fitzgerald**, 457 U.S. 800, 818 (1982); *see also* **Elder v. Holloway**, 510 U.S. 510, 512 (1994) ("[Q]ualified immunity shields public officials ... from damages actions unless their conduct was unreasonable in [the] light of clearly established law".). For deciding whether Lieutenant Comstock is entitled to QI, we examine: (1) whether Thomas alleged, for the spray-incident in 1996, the violation of a constitutional right;

4

and, (2) if so, whether Lieutenant Comstock's conduct in 1996 was *objectively* reasonable in the light of then clearly-established law. *E.g.*, **Easter v. Powell**, 467 F.3d 459, 462 (5th Cir. 2006).

Thomas alleged the violation of a constitutional right by claiming the use of excessive force. Therefore, we turn to the second prong: whether the challenged conduct in 1996 was *objectively* reasonable under then clearly-established law.

"[A] good-faith effort to maintain or restore discipline" does *not* give rise to an Eighth Amendment violation; on the other hand, the malicious or sadistic application of force to cause harm does. **Hudson v. McMillian**, 503 U.S. 1, 7 (1992). *De minimus* use of force can constitute an Eighth Amendment violation *only* if it is "repugnant to the conscience of mankind". **Id.** at 9-10.

Although the use of *de minimus* force — including chemical sprays — can support an excessive-force claim, Lieutenant Comstock's actions were *not* "repugnant to the conscience of mankind". **Id.**; *see also* **Jones v. Shields**, 207 F.3d 491, 495-96 (8th Cir. 2000) (correctional officer's use of a pepper-based chemical spray resulted in *de minimus* injury and was *not* "repugnant to the conscience of mankind" when used to subdue a "recalcitrant prisoner" locked in his cell or in handcuffs). Rather, his actions both preceding and following his use of the spray reflect he carefully ensured both the level of force and any injury to Thomas were minimal. As noted, he warned Thomas that a five-man response

5

team or OC spray would be used to ensure his compliance with his housing reassignment; ensured Thomas had no health conditions that would be aggravated by exposure to the spray; used the less-intrusive spray, rather than the five-man team; administered only one burst of spray after giving Thomas sufficient warning to allow him to cover his face; and immediately permitted Thomas to proceed to the infirmary to rid himself of any chemical residue.

Here, the administration in 1996 of one 1.8-ounce burst of OC spray to an inmate disobeying lawful orders, pursuant to authorization given by a superior, was *not* objectively unreasonable in the light of then clearly-established law. *See, e.g.*, **Williams v. Benjamin**, 77 F.3d 756, 763 (4th Cir. 1996) (use of mace against inmates throwing liquids at guards did *not* violate Eighth Amendment); **Soto v. Dickey**, 744 F.2d 1260, 1270-71 (7th Cir. 1984) (use of mace against inmate who refused to obey a direct order was *not per se* violation of the Eighth Amendment). Accordingly, pursuant to the doctrine of qualified immunity, Lieutenant Comstock is entitled to JML.

### III.

For the foregoing reasons, the judgment is **VACATED** and judgment is **RENDERED** in favor of Lieutenant Comstock.

*VACATED and RENDERED*