# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 23, 2009

Charles R. Fulbruge III
Clerk

No. 08-60127
Summary Calendar

MARCUS B GORDON, SR

Plaintiff-Appellee

v.

UNKNOWN PETTIFORD

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 5:04-CV-224

Before DAVIS, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

Marcus B. Gordon, Sr., former federal prisoner # 10255-035, brought suit under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), against Warden Michael Pettiford and other officials at the Yazoo City Federal Correctional Institute (FCI -Yazoo), alleging that they violated the Eighth Amendment by depriving him of the use of a top blanket after it had been authorized by a medical doctor. Pettiford appeals the district court's denial of his motion for summary judgment based on qualified immunity.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

A district court's order denying qualified immunity is immediately appealable only to the extent that it turns on an issue of law, not fact. *Easter v. Powell*, 467 F.3d 459, 462 (5th Cir. 2006). Thus, this court has jurisdiction only to determine whether, viewing the facts most favorable to Gordon, Pettiford is entitled to qualified immunity as a matter of law. *See id.* This court does not have jurisdiction to determine whether the evidence is sufficient to support either party's version of the facts. *Id.* The district court's denial of the motion for summary judgment asserting qualified immunity is reviewed de novo. *Id.*

Because Pettiford asserted qualified immunity, the first question that must be considered is whether his conduct violated a clearly established statutory or constitutional right of which a reasonable person would have known. *See Longoria v. Texas*, 473 F.3d 586, 592 (5th Cir. 2006). To be clearly established for purposes of qualified immunity, the contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates the defendant's rights. *Johnson v. Johnson*, 385 F.3d 503, 524 (5th Cir. 2004). "Of course, the defendant's conduct cannot constitute a violation of clearly established law if, on the plaintiff's version of the facts, there is no violation at all." *Id.* at 525. This court must thus initially ask whether the challenged conduct actually presents a violation of federal law. *Id.* (citing *Siegert v. Gilley*, 500 U.S. 226, 232 (1991)).

The central inquiry in any Eighth Amendment claim is whether the defendant acted with deliberate indifference to the inmate's health or safety. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Deliberate indifference is a legal conclusion which must rest on facts evincing wanton action on the part of the defendant. *Walker v. Butler*, 967 F.2d 176, 178 (5th Cir. 1992); *see also Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001) (conduct must clearly evince wanton disregard). "[S]ubjective recklessness as used in the criminal law" is the appropriate test for deliberate indifference. *Farmer*, 511 U.S. at 839-40. A prison official acts with deliberate indifference

only if he knows that inmates face a substantial risk of serious harm and disregards that risk. *Id*. at 847. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. at 837. A prison official's knowledge of a substantial risk of serious harm may be inferred if the risk is obvious. *Id*. at 842-43.

A review of the record indicates that the district court employed an objective standard for deliberate indifference rather than a subjective one. The Supreme Court has explicitly rejected an objective test for deliberate indifference. *Id*. The record contains nothing to support the determination that Warden Pettiford drew an inference that his actions exposed Gordon to a substantial risk of serious harm and, thus, acted with deliberate indifference. Because Gordon has not made a threshold showing that Pettiford violated his Eighth Amendment rights, this court need not proceed further in the qualified immunity inquiry. The judgment of the district court is REVERSED and the case REMANDED to the district court for dismissal of the claims.