# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 12, 2009

Charles R. Fulbruge III
Clerk

No. 08-60006
Summary Calendar

COREY TREMAINE WILLIAMS

Plaintiff-Appellant

v.

JOHNNY CROCKETT; THERESA BASKIN

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 4:06-CV-102

Before DAVIS, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

Corey Tremaine Williams, Mississippi prisoner # R4488, appeals from the grant of summary judgment for defendants Johnny Crockett and Theresa Baskin in his 42 U.S.C. § 1983 action. Williams contends that he received inadequate medical care for swollen arms and pain from July to December 2005.

We review the district court's grant of summary judgment *de novo*. *Condrey v. SunTrust Bank of Ga.*, 429 F.3d 556, 562 (5th Cir. 2005). To effectively challenge summary judgment, Williams must "set out specific facts

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

showing a genuine issue for trial." FED. R. CIV. P. 56(e)(2). "[C]onclusory allegations" of error are insufficient to defeat summary judgment. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en anc).

Williams alleges for the first time on appeal that he was not given balm, a diuretic, and an Ibuprofen prescription until six months after the onset of his condition. He may not raise new factual allegations for the first time on appeal. *See Varnado v. Lynaugh,* 920 F.2d 320, 321 (5th Cir. 1991). Moreover, Williams' new factual allegations directly contradict the allegations that he made in his complaint and at the *Spears* hearing that he was sent to Central Mississippi Correctional Facility (CMCF) and given medication within days of the onset of his condition. Accordingly, Williams' new allegations will not be considered.

Williams's complaint and *Spears* testimony indicated that he was prescribed medication for his swollen arms within days of first noticing his condition, that he was treated for pain with Ibuprofen, and that his pain subsided in December 2005. The alleged three or four day delay between the time Williams was first seen by Baskin and his first visit to CMCF did not evince deliberate indifference, particularly in light of Williams' *Spears* hearing testimony that Baskin gave him Ibuprofen and Benadryl on July 4. *See Easter v. Powell*, 467 F.3d 459, 464–65 (5th Cir. 2006). Williams has not alleged facts consistent with his district court allegations to contradict the magistrate judge's finding that he was treated with a diuretic, balm, and Ibuprofen for a sustained period. In light of the magistrate judge's findings, Williams has shown at most a disagreement with the treatment he received. *See Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006). Williams has not shown the existence of a genuine issue of material fact as to whether the defendants were deliberately indifferent to his serious medical needs. *See* FED. R. CIV. P. 56(c).

AFFIRMED.