# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 18, 2010

Charles R. Fulbruge III
Clerk

No. 09-30143
Summary Calendar

KEITH THOMPSON,

Plaintiff-Appellant

v.

ANTHONY MCCOY, EMT,

Defendant-Appellee

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:08-CV-291

Before GARWOOD, DENNIS and ELROD, Circuit Judges.

PER CURIAM:[*]

Keith Thompson, Louisiana prisoner # 109223, appeals the district court's dismissal on grounds of qualified immunity of his pro se civil rights complaint alleging that defendant McCoy refused Thompson treatment for an acute asthma attack.  McCoy moved to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6) or, alternatively, to compel a *Shultea*[1] reply.  Thompson argued that dismissal prior to discovery was improper because his medical records would

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] *Shultea v. Wood*, 47 F.3d 1427 (5th Cir. 1995).

document McCoy's awareness of the severity of Thompson's asthmatic condition; his administrative records would show that McCoy had refused to treat Thompson on other occasions when other medical personnel deemed Thompson's condition emergent; and discrepancies between Thompson's medical records and McCoy's admissions during the administrative remedy process would show that McCoy failed to document his examination of Thompson according to prison policy.[2] Notwithstanding Thompson's arguments, the district court determined that McCoy was entitled to qualified immunity and dismissed the complaint.

We have held that "evidence showing that a substantial risk of [asthma] attacks was longstanding, pervasive, well-documented, or expressly noted by prison officials in the past, and the circumstances suggest that the *defendant-official being sued had been exposed to information concerning the risk and thus 'must have known' about it*" could be sufficient to support a finding of a constitutional violation. *Olabisiomotosho v. City of Houston*, 185 F.3d 521, 528 (1999) (emphasis in original).

In light of Thompson's contention in the district court that his medical and administrative records would establish that the severity of his asthmatic condition is well documented; that McCoy was aware that he suffers from acute asthma; that McCoy has previously refused to treat Thompson for asthma attacks that other emergency medical technicians concluded warranted hospitalization; that three other Angola inmates have died from untreated asthma attacks; and that there are discrepancies between Thompson's medical records and McCoy's admissions in the administrative proceedings which suggest that McCoy may have deliberately withheld treatment from Thompson, we conclude that the district court erred in dismissing the complaint on grounds

---

[2]As part of initial mandatory discovery, the magistrate judge had ordered McCoy to provide Thompson "all medical records, Warden's unusual occurrence reports and all other documents pertinent to the issues in this case." McCoy never complied with this order.

No. 09-30143

of qualified immunity without allowing Thompson an opportunity to establish his allegations through discovery. *See Schultea*, 47 F.3d at 1434; *see also*, *Easter v. Powell*, 467 F.3d 459, 464-65 (5th Cir. 2006). Accordingly, we vacate and remand for proceedings consistent with this opinion.

VACATED AND REMANDED.