# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
March 28, 2011

Lyle W. Cayce
Clerk

No. 10-40193
Summary Calendar

CURTIS HARDY,

Plaintiff - Appellant

v.

DOUGLAS BYRD, Individually and in his Official Capacity as a Correctional Officer,

Defendant - Appellee

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:07-CV-615

Before DAVIS, SMITH, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Curtis Hardy, federal prisoner # 01102-043, appeals the summary judgment dismissing his civil rights claim. He contends that defendant Douglas Byrd displayed deliberate indifference to his diabetes by failing to promptly escort Hardy to his housing unit so he could rest. According to Hardy, because of the delay, he collapsed on the way to the unit and was given emergency treatment for high blood sugar, high blood pressure, and weakness in his legs.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-40193

We review the grant of summary judgment *de novo*, and we affirm "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Cuadra v. Houston Indep. Sch. Dist.*, 626 F.3d 808, 812 (5th Cir. 2010).

Summary judgment was proper because, even when all of Hardy's allegations and summary judgment evidence were accepted as true, he still failed to show a disputed issue of material fact as to whether the delay in treatment amounted to deliberate indifference to a serious medical need. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Hardy's summary judgment evidence did not show that Byrd was aware of a serious need for medical attention and ignored that need, or that any delay in medical treatment rose to the level of deliberate indifference or resulted in substantial harm. *See Easter v. Powell*, 467 F.3d 459, 463 (5th Cir. 2006).

Hardy also contends that the district court abused its discretion by denying his motions for discovery. The district court rendered discovery unnecessary by accepting Hardy's version of the events. The district court did not abuse its discretion by denying discovery.

The judgment of the district court is AFFIRMED.