# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 21, 2011

Lyle W. Cayce
Clerk

No. 11-20119

SONIA E. CASTERA ROBLES, also known as Sonia E. Robles; RICARDO
RAMIREZ; CARLOS RAMIREZ; DANIEL KUILAN; VANESSA E.
RAMIREZ, Individually and as Legal Guardian of A.T., a Minor,

Plaintiffs - Appellants

v.

C. M. CAYTON; CITY OF HOUSTON; J. R. BENEVIDES; J. OLIVER; L. E.
HERNANDEZ,

Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Texas
(09-CV-2310)

Before DENNIS, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Sonia Castera Robles and members of her family (collectively "Plaintiffs")

sued the City of Houston ("City"), and officers of the Houston Police Department

("Officers"), (collectively "Defendants"), alleging civil rights violations under 42

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

No. 11-20119

U.S.C. § 1983 stemming from an incident at a Houston area hotel in December, 2008. The district court granted the City and Officers summary judgment, holding that there was no constitutional violation and thus no liability for either the Officers or the City because the Officers had probable cause to detain Robles and did not use excessive force. We REVERSE in part, AFFIRM in part, and VACATE in part.

## FACTS AND PROCEEDINGS

In December, 2008, Plaintiffs were staying in two rooms at the Baymont Inn and Suites hotel in Houston, Texas for the holiday season. On the day of the alleged incident, police apprehended Benjamin Reyes, an unrelated individual, for public intoxication and a search of his person revealed crack cocaine. After discovering the cocaine, Reyes was arrested and turned over to Officers Cayton and Hernandez, two of the defendant Officers. Reyes, claiming to have information about drug distribution in the area, directed the Officers to the Baymont Inn, and identified Robles as his drug dealer.[1] Robles, a 60-year old New Jersey resident, was staying at the hotel with her family. She claims that she had a visibly bandaged fractured ankle and that she needed crutches to walk. The Officers knocked on the hotel room door, identified themselves as Police Officers when Vanessa Ramirez opened the door, and asked whether Robles was available. Ramirez stated that Robles was present. Robles heard her name, approached the door with the assistance of her crutches, and the Officers pulled her into the hallway. The officers took Robles *from* the room and, because she would not walk away with them, handcuffed her and moved her further down the hall. Robles claims she informed the Officers that she needed the crutches to walk, although at least one officer thought Robles might use the crutches as weapons.

---

[1] Officers Cayton and Hernandez claim they did not know that Reyes was originally stopped for public intoxication.

2

No. 11-20119

As Robles was being held outside her room, handcuffed and crying, members of her family attempted to involve themselves in the investigation. Ramirez began yelling that Robles did not understand English and attempted to join the Officers outside the room.  Tempers rose as Ramirez and other family members were prevented from leaving both hotel rooms.  Robles' husband claims he was shoved back into his room.  Robles' son came upon the scene and claims an officer pointed a taser at him.  Eventually the Officers requested Robles' identification, verified her identity, confirmed she was not the drug dealer, removed her handcuffs, and left the hotel.  No charges were filed against Robles or any of her family members.

In July, 2009, Plaintiffs filed a federal civil rights lawsuit against Officer Clayton and the City of Houston. The suit was later amended to name additional officers in February, 2010.  On Defendants' motion, the district court  dismissed Plaintiffs' claims for punitive damages and conspiracy.  In December, 2010, the Defendants moved for summary judgment on Plaintiffs' illegal arrest/detention, excessive force, and failure to train/supervise claims which the district court granted in January, 2011.  This timely appeal followed.

**STANDARD OF REVIEW**

"The grant or denial of a motion for summary judgment is reviewed *de novo*." *Smith v. Am. Family Life Assur. Co. of Columbus*, 584 F.3d 212, 215 (5th Cir. 2009).  Summary judgment is proper only if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. PRO. 56(a).  A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant, or where it is so overwhelming that it mandates judgment in favor of the movant, summary

3

No. 11-20119

judgment is appropriate. *See Armstrong v. City of Dallas*, 997 F.2d 62, 67 (5th Cir. 1993).

## DISCUSSION

Plaintiffs raise fives issues on appeal, three of which were adequately briefed for this court to consider.[2]  The three briefed claims allege that the district court erred in granting summary judgment to the Officers and the City on the Plaintiffs' Fourth Amendment claims.  First, Plaintiffs allege the district court erred by finding no genuine issue of material fact regarding whether a constitutional violation occurred when there was probable cause to detain Robles.  Second, they claim the district court erred in finding no genuine issue of material fact from the evidence presented to show that the force used was excessive and unreasonable.  Third, they allege the district court erred in finding that the city could not have failed to train/supervise because no constitutional violations occurred.

1.    Qualified Immunity

Qualified immunity protects government officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). To determine whether a defendant is entitled to qualified immunity, this court engages in a two-pronged analysis, inquiring (1) whether the plaintiff has alleged a violation of a constitutional right and, if so, (2) whether the defendant's behavior was objectively reasonable under clearly established law at the time the conduct occurred.  *Saucier v. Katz*, 533 U.S. 194 (2001), *overruled in part by Pearson v.*

---

[2] Appellants' brief inadequately identifies the issues on appeal. The Appellants list five issues in their "Issues Presented" portion of the brief.  However, the brief fails to address the claims dismissed by the district court (issues 1 and 5).  Thus, this court will consider only those issues actually briefed.

No. 11-20119

*Callahan*, 555 U.S. 223 (2009); *Hampton v. Oktibbeha Cnty. Sheriff Dep't*, 480 F.3d 358, 363 (5th Cir. 2007) (citing *Easter v. Powell*, 467 F.3d 459, 462 (5th Cir. 2006)). "If the plaintiff fails to state a constitutional claim or if the defendant's conduct was objectively reasonable under clearly established law, then the government official is entitled to qualified immunity." *Hampton*, 480 F.3d at 363 (citing *Easter*, 467 F.3d at 462). "The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Lytle v. Bexar Cnty., Tex.*, 560 F.3d 404, 410 (5th Cir. 2009) (quoting *Saucier*, 533 U.S. at 202). If the answer to either of the two questions is "no," qualified immunity applies and the government official is immune from suit. The plaintiff bears the burden of overcoming the qualified immunity defense. *Bennett v. City of Grand Prairie, Tex.*, 883 F.2d 400, 408 (5th Cir. 1989). After the Supreme Court's decision in *Pearson*, 555 U.S. 223, courts have discretion as to which of the two qualified immunity prongs to address first.

      2.    Robles' Detention

The district court granted summary judgment to the Officers based on qualified immunity for Robles' claim that her detention/arrest violated the Fourth Amendment because "[t]he plaintiffs have not shown the existence of a genuine issue of material fact to reasonably dispute the existence of probable cause to detain Robles." Robles asserts that she was forcibly removed from inside the hotel room by the Officers without a warrant in violation of the sanctity of her Fourth Amendment "home." (Deposition of Sonia Robles ("Well, he took [the crutches] – I was standing, I was leaning on them, and *he pulled me outside*, and he handcuffed me with the hands behind my back." (emphasis added))). The Officers argue, in line with the opinion of the district court, that the presence of reasonable suspicion was sufficient to justify a lawful stop and detention. Further, they contend that, even if Robles was inside the hotel room,

entry by the Officers was simply "to gain reasonable access to the person of interest" and thus in line with the constitution.

a.    Scope of Fourth Amendment Protection

The Supreme Court has held that the Fourth Amendment protects the sanctity of an individual's home from search or his person from seizure when he is within that home. *Payton v. New York*, 445 U.S. 573, 589 (1980) ("The critical point is that any differences in the intrusiveness of entries to search and entries to arrest are merely ones of degree rather than kind. The two intrusions share this fundamental characteristic: the breach of the entrance to an individual's home."). This court has held "[a] warrantless intrusion into an individual's home is presumptively unreasonable unless the person consents or probable cause and exigent circumstances justify the encroachment." *United States v. Jones*, 239 F.3d 716, 719 (5th Cir. 2001); *See Steagald v. United States*, 451 U.S. 204, 211 (1981); *Payton*, 445 U.S. at 586; *United States v. Vega*, 221 F.3d 789, 798 (5th Cir. 2000). Exigent circumstances include such concerns as the likely destruction of evidence, among others. *Jones*, 239 F.3d at 720.

The Supreme Court has not limited Fouth Amendment protection to homes owned by an individual, but has granted Fourth Amendment protection to rented dwellings including hotel rooms. *See Stoner v. California*, 376 U.S. 483, 490 (1964) ("No less than a tenant of a house, or the occupant of a room in a boarding house, a guest in a hotel room is entitled to constitutional protections against unreasonable searches and seizures." (citation omitted)). To be in a "home" for purposes of the Fourth Amendment, the Supreme Court has held that an individual must be inside the threshold of the door. *United States v. Santana*, 427 U.S. 38, 42 (1976). In *Santana*, the Supreme Court held that an individual standing in the threshold of her door was "not merely visible to the public but was as exposed to public view, speech, hearing, and touch as if she had been standing completely outside her house" and thus a warrantless arrest

No. 11-20119

in the threshold, assuming probable cause, does not violate the Fourth Amendment. *Id.*; *see Illinois v. McArthur*, 531 U.S. 326, 335 (2001).

b.      Robles' Location Prior to Detention

The Officers contend that their actions were reasonable under Supreme Court and Fifth Circuit precedent permitting lawful *stops* to investigate an individual based on reasonable suspicion. *See e.g. Illinois v. Rodriguez*, 497 U.S. 177, 183 (1990); *Goodson v. City of Corpus Christi*, 202 F.3d 730, 736 (5th Cir. 2000). The district court, following *Goodson* and *Rodriguez*, granted summary judgment because the officers had reasonable suspicion. *See Rodriguez*, 497 U.S. at 183; *Goodson* 202 F.3d at 736. However, if Robles was standing inside her hotel room, a private place, when the Officers detained her, then this line of cases does not apply. Reasonable suspicion is only sufficient to detain a suspect if the evidence shows that Robles was in a public place. If she was inside the hotel room, even probable cause is insufficient in the absence of exigent circumstances. *See Payton*, 445 U.S. at 586. Defendants wrongly argue that with reasonable suspicion an officer could reach into an open hotel room door and detain a person of interest. Thus, whether the Officers acted reasonably and therefore did not violate Robles' constitutional rights depends on whether Robles was inside the hotel room at the time she was detained. If the Officers reached inside the room to detain Robles, the district court's grant of summary judgment based on a determination that the officers had probable cause was improper.

Robles claims that she was standing inside her room when the Officers reached inside, removed her, and handcuffed her, before asking for her identification. The Officers, on the other hand, tell a different story. Officer Oliver stated that he "observed [Robles] to walk towards and thru the door" before he handcuffed her to move her away from her family members who he believed were attempting to impede the investigation. There is thus a genuine

7

issue of material fact whether Robles was inside her room and thus the district court should not have granted summary judgment.

At the time of her detention, the Fourth Amendment clearly protected an individual from warrantless search or seizure when inside a hotel room subject only to special exceptions not argued by Defendants.  If the Officers reached into Robles' hotel room to remove and detain her, qualified immunity would be improper.  Thus, the district court's grant of summary judgment to the Officers on the basis of qualified immunity is REVERSED and the issue REMANDED to the district court for the factual determination of whether Robles was inside her room at the time the Officers detained her.

3.    Force Employed

The district court granted summary judgment on qualified immunity grounds, finding no genuine issue of material fact with respect to whether the Officers used unreasonably excessive force. "To establish a claim of excessive force under the Fourth Amendment, plaintiffs must demonstrate: (1) injury, (2) which resulted directly and only from a use of force that was clearly excessive, and (3) the excessiveness of which was clearly unreasonable.  Excessive force claims are necessarily fact-intensive; whether the force used is 'excessive' or 'unreasonable'" *Deville v. Marcantel*, 567 F.3d 156, 167 (5th Cir. 2009).  The district court found that Plaintiffs did not present sufficient evidence to survive summary judgment on the second and third prongs of the excessive force test.  The issue is whether Robles presented sufficient evidence that the Officers employed excessive force.

Plaintiffs' allegations of force include claims that Robles was moved without the assistance of her crutches, that her son Ramirez had a taser pointed at him, that some members of Robles' family were prevented from leaving their hotel rooms, and that some members of the family were pushed by the Officers. The Defendants contend that no Plaintiffs, other than Robles, suffered any

physical injury, and that any force used was simply the amount necessary to keep Robles separated from her family while the Officers conducted their investigation.

Robles' injury from being forced to walk without crutches is the only potential injury pled by the Plaintiffs. No other family members allege specific physical injury. Even assuming the Plaintiffs could show injury, the force used was not both clearly excessive and clearly unreasonable. The Officers reasonably suspected that Robles was a drug dealer based on the tip from Reyes. After detaining Robles, members of her family attempted to intervene in what at the time appeared to be an apprehension of a suspected drug dealer. The Officers claim to have been concerned that Robles would use her crutches as weapons, and thus picked her up to move her from the scene. As her family members sought to involve themselves in the investigation, the Officers prevented them from approaching Robles and from leaving their rooms. It was not unreasonable or excessive force to prevent interference with the investigation by pushing individuals to keep them inside their rooms and away from the investigation. The Plaintiffs have not raised a genuine issue of material fact as to how the force used was either "clearly excessive" or "clearly unreasonable" in light of the Officers' belief that Robles was a drug dealer. Nor was it unreasonable to move Robles down the hall. Therefore, the district court correctly granted summary judgment on the basis of qualified immunity on the claims of excessive force.

4.     Municipal Liability

The district court order stated "Because the Court finds that the defendant officers violated no law, the Court also grants summary judgment for the defendants on the plaintiffs' claim against the City for failure to train/supervise." Thus, the district court's holding is entirely dependent on its grant of summary judgment to the Officers. Because this court holds that the evidence, when viewed in the light most favorable to the nonmoving Plaintiffs, presents a

genuine issue of material fact with respect to the allegations of a Fourth Amendment violation for illegal detention, the ruling of the district court is VACATED and REMANDED for further consideration.

## CONCLUSION

For the foregoing reasons, the district court's grant of summary judgment on Plaintiffs' Fourth Amendment seizure grounds is REVERSED and REMANDED. The district court's grant of summary judgment on Plaintiffs' excessive force grounds is AFFIRMED. And the district court's grant of summary judgment to the City of Houston is VACATED and REMANDED for consideration in light of this panel's holding that there was a genuine issue of material fact as to whether Robles' detention violated the constitution.