# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-30130

United States Court of Appeals
Fifth Circuit

**FILED**

December 5, 2013

Lyle W. Cayce
Clerk

GERALD D. THIBODEAUX,

Plaintiff-Appellant

v.

PAT THOMAS; DOCTOR ENGLESON; TIM WILKINSON, CORRECTIONS CORPORATION OF AMERICA,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:11-CV-2135

Before JONES, WIENER, and GRAVES, Circuit Judges.

PER CURIAM:*

Plaintiff-Appellant Gerald D. Thibodeaux, Louisiana prisoner number 517407, appeals from the dismissal of his civil rights complaint for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Thibodeaux's complaint alleges cruel and unusual punishment resulting from a multi-year delay in extracting his broken wisdom tooth. A prison dentist diagnosed the problem in October 2010 and attempted but failed to extract the tooth in November

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-30130

2010. The dentist referred Thibodeaux for oral surgery, but prison officials evidently transported Thibodeaux to a second facility, at which he had no appointment. The second facility refused to treat Thibodeaux, both because he had no appointment and because prison officials had not provided the facility with the required paperwork to indicate the appropriate priority level of Thibodeaux's surgery. Thibodeaux finally underwent surgery in September 2010, almost two years after diagnosis.

On appeal, Thibodeaux contends that the extreme, multiple delays in his oral surgery constituted deliberate indifference to his serious medical needs and that the district court erroneously dismissed his complaint for failure to state a claim. He also claims that the magistrate judge erred by making credibility findings based on documents he provided along with his pleadings. He also insists that the district court erred further by denying him leave to amend his complaint to add the prison company's dental director as a defendant.

We review a dismissal for failure to state a claim under § 1915(e)(2)(B)(ii) *de novo*, applying the same standard that we apply to dismissals under Rule 12(b)(6) of the Federal Rules of Civil Procedure.[1] "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."[2]

Prison officials violate the Eighth Amendment's prohibition of cruel and unusual punishment when they demonstrate deliberate indifference to a prisoner's serious medical needs if such indifference inflicts unnecessary suffering.[3] Deliberate indifference lies midway on the continuum between

---

[1] *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009).

[2] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation omitted).

[3] *Estelle v. Gamble*, 429 U.S. 97, 103-06 (1976).

No. 13-30130

simple negligence and intentional conduct; a prison official shows deliberate indifference if "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."[4] An official's knowledge of a substantial risk of serious harm may be inferred if the risk is obvious.[5] A delay in treatment may constitute an Eighth Amendment violation if a prison official's deliberate indifference results in substantial harm, including suffering during the period of delay.[6]

Thibodeaux alleges that, (1) prison officials determined that his tooth required extraction surgery, which could not be provided on-site; (2) eight months elapsed before officials transported him to a medical facility; (3) that facility did not perform the surgery, allegedly because the prison officials made an appointment at one facility but sent him to another, and did not file appropriate paperwork; and (4) another year passed before Thibodeaux received surgery. Thibodeaux's complaint further alleges that the named prison officials deliberately—and not merely negligently—delayed taking the steps known to them that would have allowed the needed surgery to occur. The documents attached to Thibodeaux's complaint corroborate his allegations, illustrating his repeated (1) attempts to alert prison officials to his medical needs and (2) requests for updates on their progress in securing his treatment. Accepting these allegations as true, as we must for these purposes, we conclude that the prison officials were well aware of a serious risk to Thibodeaux's health, including prolonged suffering, and acted with deliberate indifference to that risk by delaying his treatment for almost two years.

---

[4] *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

[5] *Id.* at 840-42.

[6] *Easter v. Powell*, 467 F.3d 459, 464-65 (5th Cir. 2006).

No. 13-30130

Whether Thibodeaux will be able to prove his allegations is another question, but it is not one that is currently before us. Thibodeaux's allegations, however, state a colorable Eighth Amendment claim that rises above the speculative level. Accordingly, we REVERSE the district court's dismissal of Thibodeaux's complaint and REMAND for further proceedings consistent with this opinion.