# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 12-41206
c/w No. 13-40435
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 28, 2014

Lyle W. Cayce
Clerk

MATTHEW KANDL,

Plaintiff-Appellant

v.

HAROLD CLAYTON; DONNA STEELY; MELVIN WRIGHT; DEBRA STANALAND,

Defendants-Appellees

Appeals from the United States District Court
for the Eastern District of Texas
USDC No. 6:11-CV-516

Before DAVIS, SMITH, and HIGGINSON, Circuit Judges.

PER CURIAM:*

Matthew Kandl, Texas prisoner # 1628327, appeals the dismissal of his suit alleging that Harold Clayton, Donna Steely, Melvin Wright, and Debra Stanaland had been deliberately indifferent to his serious medical needs. *See*

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

42 U.S.C. § 1983.  Because these appeals arise from the same case in the district court and involve common facts, we ORDER case no. 12-41206 and case no. 13-40435 consolidated.

The district court did not err in granting summary judgment in favor of Clayton, Steely, and Wright on the basis that Kandl had failed to exhaust his state remedies against them.  *See* FED. R. CIV. P. 56(a); *Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir. 2004).  Kandl's grievances did not provide such information as would have permitted an investigation of improper action by Clayton, Steely, or Wright and did not furnish prison "officials a fair opportunity to address the problem" that is the basis of Kandl's suit against these defendants.  *See Johnson*, 385 F.3d at 517.  Also, Kandl has abandoned any challenge to the district court's denials of his motion to alter or amend the summary judgment order and his motion to reconsider the ruling on the motion to alter or amend.  *See Hughes v. Johnson*, 191 F.3d 607, 613 (5th Cir. 1999); *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

We find no basis in the record for crediting Kandl's conclusory contentions that Stanaland was guilty of deliberate indifference that violated the Constitution.  *See Hathaway v. Bazany*, 507 F.3d 312, 319 (5th Cir. 2007).  The record shows at most that Stanaland may have been negligent or have committed malpractice because she did not treat Kandl on January 2, 2011, but instead relied on a security officer to obtain additional information about him.  Such negligence or malpractice would be insufficient for casting Stanaland in judgment under § 1983, however.  *See Stewart v. Murphy*, 174 F.3d 530, 534 (5th Cir. 1999).  To the extent that Kandl may be understood to argue that Stanaland delayed in providing him with medical care, he has failed to show that he suffered substantial harm as a result of such delay.  *See Easter v. Powell*, 467 F.3d 459, 463 (5th Cir. 2006).  Additionally, any failure

by Stanaland to follow prison procedures is not of itself actionable under § 1983.  *See Jackson v. Cain*, 864 F.2d 1235, 1251-52 (5th Cir. 1989). Consequently, Kandl has failed to establish any violation of a constitutional right, and summary judgment in favor of Stanaland was proper.  *See* FED. R. CIV. P. 56(a); *Siegert v. Gilley*, 500 U.S. 226, 233 (1991).

Nor has Kandl demonstrated any abuse of discretion by the district court in its rulings concerning discovery with regard to any claims against any of the defendants.  *See Krim v. BancTexas Group, Inc.*, 989 F.2d 1435, 1441 (5th Cir. 1993).

In light of the foregoing, we DENY Kandl's motions for appointment of counsel.

AFFIRMED.