# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-50074
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
March 6, 2019

Lyle W. Cayce
Clerk

JOHN RICHARD SMITH,

Plaintiff-Appellant

v.

DOCTOR DOUGLAS GREEN; WARDEN BRUCE ARMSTRONG; VALENCIA
POLLARD, Practice Manager, Alfred D. Hughes; NURSE FNU LAURENCE;
NURSE FNU WHITT, also known as Laurence Whitt; NURSE J. MARCUM,
also known as Jennifer Marcum; NURSE T. SMITH, also known as Teri Smith,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:17-CV-144

Before HIGGINBOTHAM, ELROD, and DUNCAN, Circuit Judges.

PER CURIAM:*

John Richard Smith appeals the summary judgment dismissal of his 42
U.S.C. § 1983 lawsuit, in which he alleged that the defendants were
deliberately indifferent to his serious medical needs by denying or delaying
him treatment for a preexisting tendon injury. We review the district court's

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 18-50074

grant of summary judgment de novo, viewing the facts in Smith's favor. *K.P. v. LeBlanc*, 729 F.3d 427, 435 (5th Cir. 2013).

Smith renews his claim that the defendants were deliberately indifferent to his serious medical needs by delaying treatment for his ankle injury, which, he argues, resulted in pain and further damage to other parts of his leg. The competent summary judgment evidence—specifically, Smith's medical records—defeats any claim that the defendants acted with a wanton disregard for his serious medical needs. The records demonstrate that the treating physician decided to continue treating Smith's preexisting injury with pain medication; his prescriptions were routinely renewed when requested; Smith was permitted to visit medical when requested; he missed one appointment and left another before receiving medical treatment; and he provided no evidence showing that his condition worsened due to any alleged delay in treatment. *See Farmer v. Brennan*, 511 U.S. 825, 839 (1994); *Easter v. Powell*, 467 F.3d 459, 463 (5th Cir. 2006); *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006). To the extent that that the true nature of Smith's complaint is a challenge to the medical judgment exercised by prison medical staff in determining the appropriate course of his treatment or by not ordering additional testing or an orthopedist referral, those complaints do not give rise to a constitutional violation. *See Gobert*, 463 F.3d at 346.[1]

Accordingly, the district court's judgment is AFFIRMED. *See* FED. R. CIV. P. 56(a). Smith's motions for the appointment of counsel and to submit new supporting evidence are DENIED.

---

[1] Smith has failed to brief, and has therefore abandoned, any argument challenging the district court's determinations that all defendants were immune from liability in their official capacities under the Eleventh Amendment and that the deliberate indifference claim against Warden Bruce Armstrong failed for lack of personal involvement and lack of standing. *See Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

2