# United States Court of Appeals for the Fifth Circuit

No. 21-20598
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 22, 2022

Lyle W. Cayce
Clerk

Kevin Connors,

*Plaintiff—Appellant*,

*versus*

Doctor Edgar Halupis; Terry Speer,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:17-CV-1512

Before Wiener, Elrod, and Engelhardt, *Circuit Judges.*

Per Curiam:*

Plaintiff-Appellant Kevin Connors, Texas prisoner # 1284939, appeals the dismissal of his claims against Defendants-Appellees Edgar Halupis and Terry Speer for deliberate indifference to his serious medical needs in violation of the Eighth Amendment. Connors has waived his claims against Speer by failing to brief them on appeal, so we discuss only his claims

---

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

against Halupis. *See Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

We review the grant of a motion for summary judgment de novo. *See Xtreme Lashes, LLC v. Xtended Beauty, Inc.*, 576 F.3d 221, 226 (5th Cir. 2009). "A prison official violates the Eighth Amendment's prohibition against cruel and unusual punishment when his conduct demonstrates deliberate indifference to a prisoner's serious medical needs, constituting an unnecessary and wanton infliction of pain." *Easter v. Powell*, 467 F.3d 459, 463 (5th Cir. 2006) (internal quotation marks and citation omitted). To state an Eighth Amendment violation, a prisoner must show both "objective exposure to a substantial risk of serious harm" and "that prison officials acted or failed to act with deliberate indifference to that risk." *Gobert v. Caldwell*, 463 F.3d 339, 345-46 (5th Cir. 2006). Absent exceptional circumstances, neither unsuccessful medical treatment nor disagreement with medical treatment or decisions whether to provide additional treatment constitute deliberate indifference. *See id.* at 346.

At most, Connors's claims amount to disagreements about his medical treatment, negligence, or medical malpractice, which do not constitute deliberate indifference. *See id*. The record indicates that Halupis was aware of Connors's need for a low residue diet, but he believed that the Texas Department of Criminal Justice's normal diet was low residue and sufficient for Connors's needs. The record also indicates that, while compliance was inconsistent, Connors was consistently prescribed a formula supplement.

The judgment of the district court is AFFIRMED.