# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 13, 2010

No. 10-60345
Summary Calendar

Lyle W. Cayce
Clerk

BOBBY TYRESE CLEMONS,

Plaintiff-Appellant

v.

RON KING; DOCTOR RON WOODALL; CHRISTOPHER EPPS; DOCTOR CHARMAINE MCCLEAVE; APRIL MEGGS,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 2:09-CV-149

Before WIENER, PRADO, and OWEN, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Bobby Tyrese Clemons, Mississippi prisoner # R1532, seeks leave to proceed in forma pauperis (IFP) on appeal following the district court's certification pursuant to 28 U.S.C. § 1915(a)(3) that his appeal is taken in bad faith.  Clemons also seeks appointment of counsel.

Clemons contends that the magistrate judge (MJ) erred procedurally in denying him leave to proceed IFP on appeal, claiming that the MJ erred by

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

relying on his order granting summary judgment and his own subjective determination of what constitutes a claim brought in good faith. Clemons asserts that the MJ should have applied objective standards to his claims to determine whether his appeal is brought in good faith. He also urges that the MJ should not have certified his appeal as taken in bad faith without first appointing counsel to represent him. Clemons further contends that the MJ erred in denying him leave to proceed IFP on appeal when the MJ failed to apply the correct analytical framework to Clemons's Federal Rule of Civil Procedure 59(e) motion. Our review satisfies us that the district court did not commit procedural error in its § 1915(a)(3) certification.

Clemons also claims that the MJ erred substantively in denying him leave to proceed IFP on appeal because he raises claims that are of arguable merit. He argues in conclusional fashion that summary judgment should have been denied because he established the failure to receive treatment of a serious medical need, namely, his broken finger, which he asserts received little attention. Clemons insists that the dilatory response of higher ranking medical personnel following a prison nurse's discovery that he no longer could use his finger violated his Eighth Amendment rights. He alleges that he was denied the opportunity to see an outside specialist because medical officials did not forward his x-ray and other information to a specialist as requested, directing our attention to his original complaint and the district court record.

In his brief for appointment of counsel, Clemons alleges that he was approved for a visit to an outside orthopedic specialist in May 2009, but that he has never seen that specialist. He further alleges that he did not learn of the May 2009 approval until he received the MJ's order granting summary judgment.

Clemons may not brief an issue by reference to his pleadings in district court. *See Yohey v. Collins,* 985 F.2d 222, 224-25 (5th Cir. 1993). To the extent he seeks to raise issues by reference to the original complaint and district court

2

record, we need not consider any issues that are not raised in his appellate submissions. *See id.*

Clemons neither challenges the MJ's factual findings nor claims that the district court misinterpreted any of the evidence. Rather, he contends that delay in treatment and failure to allow him to be seen by specialists on two occasions violated the Eighth Amendment. Clemons has abandoned any challenge to the MJ's factual findings. *See In re Municipal Bond Reporting Antitrust Litigation,* 672 F.2d 436, 439 n.6 (5th Cir. 1982). On the facts found by the MJ, the district court did not err by granting summary judgment for the defendants.

We review de novo a grant of summary judgment. *Cousin v. Small*, 325 F.3d 627, 637 (5th Cir. 2003). Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c).

Prison officials violate the Eighth Amendment's prohibition against cruel and unusual punishment when they demonstrate deliberate indifference to a prisoner's serious medical needs, which amounts to an unnecessary and wanton infliction of pain. *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976). A prison official shows deliberate indifference if "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan,* 511 U.S. 825, 837 (1994).

Unsuccessful treatment, medical malpractice, and acts of negligence do not constitute deliberate indifference; neither does a prisoner's disagreement with his medical treatment, absent exceptional circumstances. *Gobert v. Caldwell,* 463 F.3d 339, 346 (5th Cir. 2006). Only if a prisoner can establish deliberate indifference to his serious medical needs may he recover damages for pain he suffered during the delay of treatment. *Easter v. Powell,* 467 F.3d 459, 464-65

3

(5th Cir. 2006). To recover in such circumstances, however, the prisoner must show that the denial or delay in medical treatment was the result of the defendants' deliberate indifference. *Id*.

The evidence indicates that the prison medical staff was attentive to Clemons's fractured finger and that he received ongoing and frequent treatment. The evidence does not reflect the presence of any genuine issues of material fact as to whether the defendants were deliberately indifferent to a serious medical need. *See Gamble,* 429 U.S. at 104-05. The MJ did not err in granting summary judgment for the defendants. *See* Rule 56(c).

As Clemons's appeal does not involve legal points that are arguable on the merits, *see Howard*, and his IFP motion is denied. *See Baugh v. Taylor,* 117 F.3d 197, 202 (5th Cir. 1997). Because disposition of Clemons's challenge to the magistrate judge's certification order would require a merits resolution, his appeal is dismissed as frivolous. *See id*.

Our dismissal of this appeal as frivolous counts as a strike under 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir.1996). We caution Clemons that if he accumulates three strikes, he will not be permitted to proceed IFP in any civil action or appeal filed while incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g). In light of the foregoing analysis, it is clear that Clemons has failed to demonstrate exceptional circumstances warranting the appointment of counsel. *See Williams v. Ballard,* 466 F.3d 330, 335 (5th Cir. 2006).

IFP DENIED; APPEAL DISMISSED; APPOINTMENT OF COUNSEL DENIED; SANCTION WARNING ISSUED.