# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
December 12, 2011

Lyle W. Cayce
Clerk

No. 10-11208
Summary Calendar

CHARLES MITCHELL,

Plaintiff-Appellee

v.

ROEL CERVANTES; JONATHAN DOMINGUEZ,

Defendants-Appellants

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:10-CV-30

Before KING, JOLLY, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Appellants Roel Cervantes and Jonathan Dominguez appeal from the order of the district court denying their motion for a grant of summary judgment based on qualified immunity in this 42 U.S.C. § 1983 action brought by Charles Mitchell, Texas prisoner #09083221. Mitchell moves for appointment of counsel; his motion is DENIED.

The appellants contend that the district court erred by denying their summary judgment motion because, pursuant to *Scott v. Harris*, 550 U.S. 372

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

(2007), it should not have to accept Mitchell's conclusional version of events as true given that his medical records prove that he did not sustain any injury as a result of an alleged improper use of force. Alternatively, the appellants argue that even taking Mitchell's facts as true, the district court erred in concluding that they violated Mitchell's constitutional rights because he did not offer any competent summary judgment evidence demonstrating that their actions were objectively unreasonable or that he sustained some type of injury.

Although the denial of a motion for summary judgment based upon qualified immunity is a decision that is immediately appealable, *see Easter v. Powell*, 467 F.3d 459, 462 (5th Cir. 2006), our jurisdiction is "significantly limited," extending to questions of law only. *Kinney v. Weaver,* 367 F.3d 337, 346 (5th Cir. 2004) (en banc). We lack jurisdiction to consider the issue whether Mitchell's summary judgment evidence could support a finding that the appellants actually engaged in objectively unreasonable conduct. *See id.* at 347-48 (allowing review of purely legal questions and requiring that plaintiff's allegations be taken as true for purposes of summary judgment on qualified immunity).

We need not decide whether *Scott* carves out a narrow exception to the applicable standard of review because the facts of this case are distinguishable. In *Scott*, the United States Supreme Court concluded that the district court did not have to take the plaintiff's obviously false allegations as true given the existence of an objective videotape that captured the incident in its entirety and negated the plaintiff's version of events. *Scott*, 550 U.S. at 380-81. Here, although Mitchell's medical records may speak to the extent of his injuries, they do not resolve the issue of whether the appellants engaged in objectively unreasonable conduct. Moreover, to the extent that the appellants rely on Mitchell's medical records to demonstrate that he exaggerated the seriousness of his injuries, Mitchell's credibility is not an issue appropriate for determination

on summary judgment. *See Tarver v. City of Edna*, 410 F.3d 745, 753 (5th Cir. 2005).

When analyzing whether a government official is entitled to qualified immunity for an alleged constitutional violation, we determine whether the defendant's conduct violated a clearly established statutory or constitutional right of which a reasonable person would have known. *Longoria v. Texas*, 473 F.3d 586, 592 (5th Cir. 2006). We also consider "whether the defendant's actions were objectively unreasonable in light of clearly established law at the time of the conduct in question." *Freeman v. Gore*, 483 F.3d 404, 410-11 (5th Cir. 2007) (internal citations omitted). When prison officials stand accused of using excessive force in violation of the Eighth or Fourteenth Amendments, "the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992); *see also Valencia v. Wiggins*, 981 F.2d 1440, 1446 (5th Cir. 1993) (noting that the standard is the same under both amendments).[1]

Mitchell's allegations in his verified complaint serve as competent summary judgment evidence, *see King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994), and suggest a possible constitutional violation. As the district court summarized, Mitchell alleged that he complied with orders during the shakedown and neither moved nor spoke, but that Cervantes smashed his face into a wall and twisted his arm without provocation. According to Mitchell, while the appellants were escorting him to the holdover cell, they continued to torture him by slamming him into the walls and onto the floor and kneeing him

---

[1] Mitchell's status was unclear at the time of the incident because he was arrested for an unspecified parole violation and, thus, to some extent could have been considered a pretrial detainee rather than a convicted prisoner. An excessive use of force claim raised by a pretrial detainee is also governed by the Fourteenth Amendment's due process clause. *See Brothers v. Klevenhagen*, 28 F.3d 452, 455-56 (5th Cir. 1994); *see also Rankin v. Klevenhagen*, 5 F.3d 103, 106 (5th Cir. 1993) (noting that the same standards would govern the court's analysis even where review hinged upon the parole status of the appellee).

in the back.  If Mitchell complied with all orders, then the appellants could not have reasonably perceived any threat requiring a need to use force.

Based on Mitchell's proffered facts, the appellants' use of force was not made in a "good faith effort to maintain or restore discipline" and was not "nontrivial" but disproportionate to any possible provocation.  *See Hudson*, 503 U.S. at 6-7.  Moreover, although the district court stated that Mitchell's medical records "may" show a lack of physical injury or demonstrate that the appellants tempered the severity of their force, the district court made no conclusions regarding Mitchell's actual injuries.  *See Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999); *Baldwin v. Stalder*, 137 F.3d 836, 839 (5th Cir. 1998).  On Mitchell's allegations, as summarized by the district court, the appellants have not shown that their course of conduct was not objectively unreasonable under clearly existing law.  *See Hudson*, 503 U.S. at 6-7; *Kinney,* 367 F.3d at 347.  Accordingly, they have not demonstrated that they are entitled to qualified immunity as a matter of law.  *See Freeman*, 483 F.3d at 410-11.

AFFIRMED; MOTION FOR APPOINTMENT OF COUNSEL DENIED.