**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 27, 2012

Lyle W. Cayce
Clerk

No. 10-11094
Summary Calendar

GARY GAINES,

Plaintiff-Appellant

v.

UNITED STATES; FEDERAL BUREAU OF PRISONS; MEDICAL DIRECTOR
FOR THE FEDERAL BUREAU OF PRISONS; WARDEN AND STAFF OF FCI
BIG SPRINGS; K. EDENFIELD, Warden; A. MARTINEZ, Health Services
Director; JORGE PARTIDA, Clinical Director; DRUG SUPPLIERS OF
INMATES; PSYCHOLOGICAL DEPARTMENT; MRS. TUBBS,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:09-CV-223

Before KING, CLEMENT, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Gary Gaines, federal prisoner # 29031-177, appeals the dismissal as frivolous of his civil rights action filed pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). He consented to proceed before a magistrate judge, who dismissed the complaint

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1). "A complaint is frivolous if it lacks an arguable basis in law or fact." *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999). We review a dismissal of a complaint under § 1915A(b)(1) de novo, while a dismissal under § 1915(e)(2)(B)(i) is reviewed for abuse of discretion. *Green v. Atkinson*, 623 F.3d 278, 279–80 (5th Cir. 2010); *Berry*, 192 F.3d at 507.

Gaines asserts that various defendants committed deliberate indifference by depriving him of his heart medications on four separate occasions. The magistrate judge determined that these allegations sounded in negligence, which does not rise to the level of deliberate indifference. *See Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006). Gaines was required to establish "deliberate indifference" to his "serious medical needs," constituting an "unnecessary and *wanton* infliction of pain." *Wilson v. Seiter*, 501 U.S. 294, 297 (1991) (internal quotation marks and citation omitted). We have held that a prison employee's refusal to provide prescribed medication when an inmate with known heart problems complained of chest pain rose to the level of deliberate indifference. *See Easter v. Powell*, 467 F.3d 459, 463-65 & n.25 (5th Cir. 2006). Therefore, Gaines's allegations are not "based on an indisputably meritless legal theory" or on "clearly baseless" facts. *Berry*, 192 F.3d at 507.

Additionally, Gaines asserts that he suffered from deliberate indifference when he injured his ankle by falling into a crack or pothole in the pavement; he alleged in the district court that the prison administration had been made aware of the dangerous condition but did nothing to remedy the problem. Gaines had a duty to show that officials knew of the risk of harm but disregarded that risk by failing to undergo abatement procedures. *See Gobert*, 463 F.3d at 346. He has made such a showing through the allegations in his complaint and at his hearing pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), and we accept those assertions as true. *See Green*, 623 F.3d at 280.

The remaining claims set forth by Gaines are insufficient to establish a constitutional violation cognizable in a *Bivens* action.  Although he asserts that the defendants stopped his Prozac prescription to retaliate against him for filing a grievance, he has failed to satisfy his burden of establishing causation, and his personal belief that retaliation was the cause for the canceled prescription is insufficient.  *See Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997); *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995).  Although Gaines asserts that the defendants did not act in a timely manner in treating the ankle that he injured when he tripped and fell, he has not shown that the delay in treatment resulted in substantial harm.  *See Easter*, 467 F.3d at 464.  Gaines's allegations that prison overcrowding has led to delays in medical and dental treatment are insufficient to establish a constitutional violation.  *See id.*

Gaines does not repeat his assertions, made in the district court, that prison overcrowding caused him to miss several meals.  Additionally, he does not challenge the magistrate judge's conclusion that Gaines's official capacity claims are not cognizable in a *Bivens* action and that several defendants should be dismissed because they are challenged solely in their supervisory capacities.  Although pro se briefs are afforded liberal construction, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), even pro se litigants must brief arguments in order to preserve them.  *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

Consequently, the magistrate judge's judgment is REVERSED with respect to Gaines's assertions that he was deprived of his heart medications and his allegation that the prison administration evinced deliberate indifference by failing to remedy a known problem relating to the cracks or potholes in the pavement.  The case is REMANDED for further proceedings on these claims.  In all other respects, the judgment is AFFIRMED.