# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 3, 2011

Lyle W. Cayce
Clerk

No. 09-60481
Summary Calendar

JOHN BARRETT,

Plaintiff-Appellant

v.

MISSISSIPPI DEPARTMENT OF CORRECTIONS; SOUTHERN MISSISSIPPI CORRECTIONAL INSTITUTION; CHRISTOPHER EPPS; RONALD KING; MEDICAL PROVIDERS; MARIO MARTIN, Officer; LADARRELL PERRY, Officer,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 2:06-CV-271

Before JOLLY, GARZA, and STEWART, Circuit Judges.

PER CURIAM:[*]

John Barrett, Mississippi prisoner # 27578, moves for leave to proceed in forma pauperis (IFP). The motion constitutes a challenge to the district court's certification that his appeal from a directed verdict in favor of defendants Epps, King, Martin, and Perry was not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry into whether this appeal is taken in

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

good faith is limited to whether this appeal involves any nonfrivolous issues. *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983).

We previously granted Barrett provisional IFP status for purposes of ordering a transcript of the bench trial in this lawsuit under 42 U.S.C. § 1983. Now, after a review of the transcript, we withdraw the provisional grant of IFP, deny Barrett's IFP motion, and dismiss the appeal as frivolous.

Barrett contends that there is a nonfrivolous issue as to whether Epps and King violated his rights under the Eighth Amendment by knowingly delaying and refusing medical treatment for a patella fracture and hernias. He asserts that King and Epps disregarded doctor recommended hernia surgery and unreasonably delayed surgery on his patella. Barrett argues that the evidence adduced at the bench trial showed that King and Epps were aware of his fracture and hernias, but failed to act to insure that he received medically necessary treatment for those injuries. Because Barrett raises no argument concerning Perry's and Martin's alleged violations of his constitutional rights, he has abandoned any challenge to the district court's certification decision regarding those defendants. *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Prison officials violate the Eighth Amendment's prohibition against cruel and unusual punishment when they demonstrate deliberate indifference to a prisoner's serious medical needs, constituting an "unnecessary and wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976) (citation omitted). A prison official acts with deliberate indifference if he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *see Reeves v. Collins*, 27 F.3d 174, 176-77 (5th Cir. 1994) (applying *Farmer* to medical care claim). A delay of medical care may

constitute an Eighth Amendment violation. *Easter v. Powell*, 467 F.3d 459, 463 (5th Cir. 2006).

Barrett has not shown that he will raise a nonfrivolous issue regarding whether Epps and King were deliberately indifferent in denying and/or delaying medical treatment for his leg and hernias. The record supports that the prison medical staff made regular efforts to diagnose, treat, monitor, and control Barrett's injuries and that the treatment pursued by prison medical staff did not have serious medical consequences or result in substantial harm to Barrett. *See id.* To the extent that Barrett argues that the medical staff did not use the most efficacious method of treatment (e.g., performing surgery on his leg and hernias earlier), his disagreement with the care that he received does not establish a claim of deliberate indifference. *See Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001). Further, Barrett has not established that either Epps or King, who occupied non-medical supervisory positions, was involved in determining the medical treatment that he received or otherwise interceded in his medical care; Barrett has not alleged or shown that King or Epps was personally involved in delaying or denying his medical care or that they played a role in treating him or in deciding a course of treatment for him. *See Thompkins v. Belt*, 828 F.2d 298, 303-04 (5th Cir. 1987) (holding that supervisory prison officials are liable under § 1983 only if they are personally involved in the constitutional violation or there is a sufficient causal connection between the supervisor's wrongful conduct and the violation). Thus, Barrett has failed to set forth facts or evidence establishing that King or Epps exhibited deliberate indifference to his injuries.

Barrett also contends that the district court improperly denied his request to have subpoenas issued to potential witnesses; erroneously denied his motion to amend his complaint to include additional defendants; failed to insure that the defendants produced adequate discovery; and wrongly denied his motion for a default judgment against Nurse Barton. He also asserts that prison officials

No. 09-60481

failed to return his legal work before trial and denied him the opportunity to present "habit evidence" that would have supported his claims. Barrett has not established that these grounds for appeal involve legal points arguable on their merits. *See Howard*, 707 F.2d at 220.

Because Barrett has not shown that he will present any nonfrivolous issue on appeal, his motion for leave to proceed IFP is denied, and this appeal is dismissed as frivolous. *See Baugh*, 117 F.3d at 202 n.24; *Howard*, 707 F.2d at 220; 5TH CIR. R. 42.2. Our dismissal of this appeal as frivolous counts as a strike for purposes of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387 (5th Cir. 1996). Because Barrett has at least two prior strikes, he is now barred from proceeding IFP in any civil action or appeal filed while he is incarcerated or detained in any facility, unless he is under imminent danger of serious physical injury. *See* § 1915(g)

IFP WITHDRAWN; IFP MOTION DENIED; APPEAL DISMISSED; 28 U.S.C. § 1915(g) BAR IMPOSED.