# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 12-41420
c/w No. 13-40222

United States Court of Appeals
Fifth Circuit

**FILED**

September 4, 2014

Lyle W. Cayce
Clerk

JEFFERY ALAN RICHIE,

Plaintiff–Appellant,

v.

UNIVERSITY OF TEXAS MEDICAL BRANCH HOSPITAL GALVESTON;
TEXAS DEPARTMENT OF CRIMINAL JUSTICE JOHN DOES; and MYRA
L. WALKER, Texas Department of Criminal Justice,

Defendants–Appellees.

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 2:12-CV-322

Before REAVLEY, ELROD, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Jeffery Alan Richie, a prisoner proceeding *pro se* and *in forma pauperis*,
filed a lawsuit under 42 U.S.C. § 1983 against the University of Texas Medical
Branch Hospital Galveston, unknown John Does employed by the Texas
Department of Criminal Justice, and nurse Myra L. Walker.  Richie alleged

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 12-41420 c/w No. 13-40222

that the defendants were deliberately indifferent to his serious medical needs by not performing certain procedures on his back. A magistrate judge denied Richie's motion for temporary injunctive relief and later dismissed the lawsuit.[1] Because we conclude that Richie has failed to state a claim for which relief may be granted, we affirm the magistrate judge's dismissal.

I.

Richie suffers from back, shoulder, and neck problems, dating to at least 2007, when his period of incarceration began. During that time, Richie has undergone medical examinations, x-rays, and MRIs, and also has received treatment in the form of pain medication, steroid injections, physical therapy, and surgery. In this lawsuit, Richie does not dispute the type or quality of the medical care that he has actually received. Instead, Richie alleges that the defendants have not provided two additional medical services that were recommended by medical personnel: an MRI on his cervical spine and lumbar back surgery. Richie alleges that the defendants' disregard of the recommendations of medical personnel constitutes deliberate indifference to his serious medical needs.

The magistrate judge disagreed, denying Richie's request for a temporary restraining order and a preliminary injunction and later dismissing the lawsuit with prejudice. In the dismissal order, the magistrate judge concluded that the claims against the defendants in their official capacities were barred by the Eleventh Amendment. The magistrate judge further concluded that, accepting the facts alleged in Richie's complaint as true, Richie had failed to state a claim for which relief may be granted.

---

[1] Richie appealed the denial of temporary injunctive relief; that appeal was docketed as No. 12-41420. Richie then appeal the dismissal of the lawsuit; that appeal was docketed as No. 13-40222. We now consolidate the appeals for disposition. *See United States v. Rodriguez*, 564 F.3d 735, 737 (5th Cir. 2009).

No. 12-41420 c/w No. 13-40222

II.

A prison official violates the Eighth Amendment's prohibition of cruel and unusual punishment if the official shows deliberate indifference to a prisoner's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 103–06 (1976). The official must "know[] of and disregard[] an excessive risk to inmate health or safety" and "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). The official also must draw that inference. *Id.*

Failed treatments, negligence, and medical malpractice are insufficient to give rise to a claim of deliberate indifference. *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006). A prisoner who disagrees with the course of treatment or alleges that he should have received further treatment also does not raise a claim of deliberate indifference. *Domino v. Tex. Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001). Instead, an inmate must show that prison officials denied him treatment, purposefully provided him improper treatment, or ignored his medical complaints. *Id.* A delay in treatment may violate the Eighth Amendment if the delay was the result of the prison official's deliberate indifference and substantial harm—including suffering—occurred during the delay. *Easter v. Powell*, 467 F.3d 459, 464–65 (5th Cir. 2006).

Here, taking all the facts in the light most favorable to Richie, *see In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007), it is clear that medical personnel repeatedly diagnosed, treated, and monitored his injuries and addressed those injuries in order of priority. Thus, the medical records,[2] which show the consistent medical treatment of Richie's injuries,

---

[2] The medical records were provided by the Attorney General of Texas to the magistrate judge in the form of a *Martinez* report. *See Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978) (tool by which an administrative record is constructed to assist in prisoner litigation under 28 U.S.C. § 1915); *see also Norton v. Dimazana*, 122 F.3d 286, 292–93 (5th Cir. 1997).

rebut his claims of deliberate indifference. *See Banuelos v. McFarland*, 41 F.3d 232, 235 (5th Cir. 1995) (noting that medical records of sick calls, examinations, medications, and diagnoses may rebut claims of deliberate indifference). The records also refute the notion that surgery was a medical necessity; it was instead a matter of medical judgment. *See Gobert*, 463 F.3d at 346 ("[T]he decision whether to provide additional treatment is a classic example of a matter of medical judgment."); *see also Barrett v. Miss. Dep't of Corrs.*, 427 F. App'x 349, 350 (5th Cir. 2011) (holding that, to the extent that prisoner argued that medical staff should have performed surgeries earlier, disagreement with care does not show deliberate indifference). Similarly, there is no indication that an MRI on Richie's cervical spine was medically necessary. Accordingly, Richie's disagreement with the care that he received or the timing of specific procedures does not show deliberate indifference. This is a disagreement over the course of treatment that Richie should have received; at most, Richie has alleged that the defendants were negligent. There is no viable Eighth Amendment claim here.[3]

AFFIRMED.

---

[3] Because we conclude that the lawsuit was properly dismissed, Richie's remaining arguments are moot.