# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
September 12, 2023

Lyle W. Cayce
Clerk

No. 22-20310

David Ray Atwood,

*Plaintiff—Appellant*,

*versus*

Kate E. Christopher; Executive Director Bryan Collier; Warden Steve McClarin; Captain Cory Webb,

*Defendants—Appellees*.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:20-CV-1368

_____

Before Dennis, Engelhardt, and Oldham, *Circuit Judges*.

Per Curiam:[*]

David Ray Atwood, Texas prisoner #01749941, proceeding *pro se* and *in forma pauperis*, sued a prison medical provider and other prison officials after he sustained a head injury in his cell. Concluding that Atwood had failed to state a claim for which relief may be granted, the district court *sua sponte* dismissed Atwood's claims with prejudice under 28 U.S.C.

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

§ 1915(e)(2)(B)(ii). On appeal, Atwood only challenges the dismissal of his deliberate indifference claims against the medical provider. Therefore, he has abandoned any challenge to the dismissal of his other claims. *See Yohey v. Collins*, 985 F.2d 222, 224–25 (5th Cir. 1993). Construing Atwood's *pro se* briefing liberally, *see Alderson v. Concordia Par. Corr. Facility*, 848 F.3d 415, 419 (5th Cir. 2017), he argues on appeal that the district court failed to accept his deliberate indifference allegations as true before dismissing his claims.

The Prison Litigation Reform Act requires a district court to *sua sponte* dismiss a prisoner's *in forma pauperis* suit if, among other things, the court finds that the prisoner has failed to state a claim upon which relief may be granted or the action is frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i)–(ii). Using the same standards that govern dismissals under Rule 12(b)(6), we review dismissals for failure to state a claim *de novo. See Legate v. Livingston*, 822 F.3d 207, 209–10 (5th Cir. 2016). And we review a district court's dismissal of a claim as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i) for an abuse of discretion. *See Carmouche v. Hooper*, 77 F.4th 362, 366 (5th Cir. 2023).

The Supreme Court has held that prison officials violate the Eighth Amendment if they act with "deliberate indifference to a prisoner's serious medical needs, constituting an unnecessary and wanton infliction of pain." *Easter v. Powell*, 467 F.3d 459, 463 (5th Cir. 2006) (quotation omitted). A prison official acts with deliberate indifference if he is aware of and ignores a serious risk to an inmate's health. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994). "Deliberate indifference is an extremely high standard." *Domino v. Tex. Dep't of Crim. Just.*, 239 F.3d 752, 756 (5th Cir. 2001). A plaintiff must demonstrate that a defendant denied him treatment, purposefully gave him improper treatment, ignored his medical complaints, "or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) (quotation omitted). Unsuccessful medical treatment, negligence, medical

malpractice, disagreement with medical care, or decisions whether to provide additional treatment do not constitute deliberate indifference. *Id.* Further, a treatment delay violates the Eighth Amendment only "if there has been deliberate indifference [that] results in substantial harm." *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993).

"To assist district courts in discerning whether *in forma pauperis* prisoner complaints may proceed, [this Court] has adopted a procedure from the Tenth Circuit that allows the district court to obtain a supplemental record to further flesh out the facts behind a prisoner's complaint." *Davis v. Lumpkin*, 35 F.4th 958, 963 (5th Cir. 2022) (citation omitted); *see also Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978) (creating the procedure). That record, known as a *Martinez* report, is generated by officials who investigate the inmate's allegations and "compil[e] an administrative record that acts like an affidavit to aid the district court in screening the complaint." *Davis*, 35 F.4th at 963. But the district court cannot use the *Martinez* report to resolve factual disputes: "[I]f the *Martinez* report conflicts with the *pro se* plaintiff's allegations, the district court [still] must accept the plaintiff's allegations as true, not the records in the report." *Id.* at 964.

Here, even assuming the district court wrongly used the *Martinez* report to conclude that Atwood failed to state a claim for deliberate indifference under § 1915(e)(2)(B)(ii), we conclude that any error was harmless. *See* Fed. R. Civ. P. 61. That is because Atwood's deliberate indifference claims are independently frivolous under § 1915(e)(2)(B)(i). A district court may dismiss as frivolous the complaint of a prisoner proceeding *in forma pauperis* if it lacks an arguable basis in law or fact. *Denton v. Hernandez*, 504 U.S. 25, 31–32 (1992). It is clear from the medical records compiled with the *Martinez* report that "medical personnel repeatedly diagnosed, treated, and monitored" Atwood's injuries. *See Richie v. Univ. of Tex. Med. Branch Hosp. Galveston*, 581 F. App'x 405, 407 (5th Cir. 2014). And

No. 22-20310

that does not conflict with any allegation in Atwood's complaint. At most, Atwood alleges that he disagrees with the care he received or that the prison medical official committed medical malpractice.[†] *See Gobert*, 463 F.3d at 346. We have long held that deliberate indifference requires more.

    AFFIRMED.

---

[†] Atwood's allegations that he did not receive medication at particular times after his injury are not cognizable deliberate indifference claims. *See Richie*, 581 F. App'x at 407 (quoting *Gobert*, 463 F.3d at 346) ("[T]he decision whether to provide additional treatment is a classic example of a matter of medical judgment.").