# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-30298

United States Court of Appeals
Fifth Circuit

**FILED**

May 11, 2017

Lyle W. Cayce
Clerk

KENNETH FRANCIS,

Plaintiff-Appellant

v.

LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS; JAMES LEBLANC, Individual and Official Capacity; JERRY GOODWIN, Individual and Official Capacity; PAULA MILWEE, Individual and Official Capacity; MICHELE NORRIS, Individual and Official Capacity; TAMMY POOLE, Individual and Official Capacity; JEFFERY JACKSON, Individual and Official Capacity; JOHN STEPHENSON, Individual and Official Capacity; DAN RINEHART, Individual and Official Capacity; JEFFERY B. FULLER, Individual and Official Capacity,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:15-CV-1454

Before JONES, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Kenneth Francis, Louisiana prisoner # 87595, moves for leave to proceed in forma pauperis (IFP) in this appeal from the dismissal of his civil rights

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

action as frivolous.  He is challenging the district court's certification that his appeal is not in good faith.  *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

According to Francis, he suffered a severe injury to his eardrum; he had ongoing bleeding, discharge, and pain over a lengthy period; and a needed surgery was not performed.  Denial or delay of medical care may violate the Eighth Amendment if prison officials acted with deliberate indifference.  *See Easter v. Powell*, 467 F.3d 459, 464 (5th Cir. 2006); *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993).  Although Francis's assertions of a serious ear injury are not disputed, Francis was seen several times by physicians for his ear injury.  Francis's allegations state at best claims of negligence and disagreement with treatment, which do not rise to the level of deliberate indifference.  *See Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006).

In addition, Francis contends that he was required to work despite limited duty prescriptions and that he was required to renew his limited duty status.  These allegations likewise do not suffice to state a claim for deliberate indifference, i.e., a wanton disregard of a serious need.  *See Powell*, 467 F.3d at 464; *see also Jackson v. Cain*, 864 F.2d 1235, 1246 (5th Cir. 1989).

In his next argument, Francis contends that two defendants conspired to file a false disciplinary complaint against him for malingering when he again reported inability to work due to his foot in June 2015.  Francis makes only an unsupported assertion, without citing any facts, that the charge was false and was filed for retaliatory purposes.  Such conclusional assertions are insufficient to support a claim of retaliation.  *See Woods v. Smith*, 60 F.3d 1161, 1166-67 (5th Cir. 1995).

The claim arising out of the denial of Francis's grievances by supervisory personnel also fails.  Given that he has failed to show an underlying

constitutional violation, no supervisory liability attaches.  *See Thompkins v. Belt*, 828 F.2d 298, 303-04 (5th Cir. 1987).  Further, a prisoner does not have a constitutional right to have a grievance resolved in his favor.  *Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005).

Although his claims ultimately fail, not all of Francis's assertions are without arguable legal merit.  *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983).  Further, Francis meets the financial eligibility requirements.  Accordingly, the request for leave to proceed IFP is granted.  *See* 28 U.S.C. § 1915(a)(1); *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339-40 (1948).  However, because Francis has not shown any error by the district court in dismissing his complaint, we will dispense with further briefing and affirm the district court's judgment.

The district court's dismissal of Francis's complaint counts as a strike for purposes of § 1915(g).  *See Coleman v. Tollefson*, 135 S. Ct. 1759, 1761-64 (2015); *Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996).  Francis has two prior strikes from suits that were dismissed as frivolous and for failure to state a claim.  *See Francis v. La. Dep't of Corr.*, No. 5:13-cv-2457 (W.D. La. June 11, 2014); *Francis v. Thomas*, No. 2:11-cv-2099 (W.D. La. Jan. 24, 2013).  Because Francis has accumulated three strikes, he is advised that he is now barred from proceeding IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  *See* § 1915(g).

IFP MOTION GRANTED; JUDGMENT AFFIRMED; § 1915(G) BAR IMPOSED.