# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
June 7, 2019

Lyle W. Cayce
Clerk

No. 18-30821
Summary Calendar

LEROY ANTOINE LODGE,

Plaintiff-Appellant

v.

LIBBY TIGNER, Warden at River Correctional Center; WILLIAM SALVAGE, Assistant Warden at River Correctional Center: JAMES M. LEBLANC, SECRETARY, DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS; JOHN HOOD,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:18-CV-248

Before STEWART, Chief Judge, and OWEN and OLDHAM, Circuit Judges.

PER CURIAM:[*]

Leroy Antoine Lodge, Louisiana prisoner # 00105750, challenges the dismissal of his in forma pauperis (IFP) 42 U.S.C. § 1983 complaint seeking damages for alleged constitutional violations which occurred during his incarceration at River Correctional Center (RCC). Because Lodge has been

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

transferred from RCC and is currently incarcerated at Winn Correctional Center, any claim for declaratory and injunctive relief is now moot. *See Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001).

After reviewing de novo the district court's dismissal of Lodge's IFP civil rights complaint as frivolous and for failure to state a claim upon which relief may be granted, we find no error in the district court's determination that Lodge's complaint fails to state a claim upon which relief may be granted. *See Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005). Even accepting Lodge's factual allegations as true, Lodge has not alleged facts sufficient to show that any defendant violated his Eighth Amendment rights by intentionally mistreating him or engaging in "conduct that would clearly evince a wanton disregard for any serious medical needs." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006); *see Easter v. Powell*, 467 F.3d 459, 463 (5th Cir. 2006). Likewise, the facts alleged are insufficient to show that any defendant willfully delayed taking him to the prison infirmary or consciously disregarded the risk of any delay under the circumstances. *See Easter*, 467 F.3d at 463. Insofar as Lodge complains that security personnel were responsible for passing out daily medication to the inmates, he does not explain how this conduct caused him any harm, much less substantial harm; thus, this bare allegation does not show that the complained-of conduct resulted in a constitutional violation. *See id.*; *see also Koch v. Puckett*, 907 F.2d 524, 531 (5th Cir. 1990) (holding that bare allegations are insufficient to support a constitutional violation).

Lodge also has failed to allege sufficient facts to show that any defendant interfered with his mail in violation of his right of access to the courts or his right of free speech, *see Christopher v. Harbury*, 536 U.S. 403, 415-16 (2002); *Brewer v. Wilkinson*, 3 F.3d 816, 820, 821-26 (5th Cir. 1993), and his bare allegation that inmates were handling other prisoners' mail is insufficient to

No. 18-30821

state a claim of a constitutional violation, *see Koch*, 907 F.2d at 531. Further, although the Eighth Amendment prohibits inhumane conditions of confinement, Lodge has not alleged facts sufficient to show both (1) that the alleged deprivations were "objectively, sufficiently serious" as to result in "the denial of the minimal civilized measure of life's necessities," and (2) that defendants acted with deliberate indifference to his health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *see Coleman v. Sweetin*, 745 F.3d 756, 764 (5th Cir. 2014).

As for his deprivation of property claim, Lodge has not identified any error in the district court's reasoning for dismissing this claim and has therefore abandoned the issue on appeal. *See Brinkmann v. Dallas Cty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). Finally, we do not consider Lodge's claim that prison officials at RCC retaliated against him by placing him in a different housing unit after he was transferred back to RCC, as this claim appears to be raised for the first time on appeal. *See Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999); *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991).

The district court's judgment is AFFIRMED. Given that the district court's dismissal of Lodge's complaint for failure to state a claim counts as a strike under 28 U.S.C. § 1915(g), *see Brown v. Megg*, 857 F.3d 287, 290-92 (5th Cir. 2017), Lodge is cautioned that if he accumulates three strikes, he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury, *see* § 1915(g).

AFFIRMED; 28 U.S.C. § 1915(g) SANCTION WARNING ISSUED.