# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-50848
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
November 12, 2019

Lyle W. Cayce
Clerk

HUMBERTO H. GOMEZ,

Plaintiff-Appellant

v.

HUGHES UNIT UTMB HEALTH PROVIDERS; DR. FNU BENNETT; DR. FNU TOGO; DR. FNU NOSIOTTIS,

Defendants-Appellees

Appeals from the United States District Court
for the Western District of Texas
USDC No. 6:18-CV-19

Before JOLLY, JONES, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Humberto Gomez, Texas prisoner # 2057999, filed this 42 U.S.C. § 1983 suit to seek redress for alleged acts of deliberate indifference to serious medical needs. The district court dismissed his suit after granting the defendants' motion for summary judgment. On appeal, Gomez insists that defendants Bennett and Togo acted with deliberate indifference to his serious medical

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-50848

needs and are not entitled to qualified immunity because they did not take certain actions with respect to his medical care.

Gomez moves for appointed counsel on appeal. Because this case is unexceptional, the motion is DENIED. *See Ulmer v. Chancellor*, 691 F.2d 209, 212–13 (5th Cir. 1982).

We review the grant of a motion for summary judgment *de novo. Xtreme Lashes, LLC v. Xtended Beauty, Inc.*, 576 F.3d 221, 226 (5th Cir. 2009). The district "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).

Prison officials infringe the Eighth Amendment's proscription against cruel and unusual punishment by exhibiting "deliberate indifference to a prisoner's serious medical needs, constituting an 'unnecessary and wanton infliction of pain.'" *Easter v. Powell*, 467 F.3d 459, 463 (5th Cir. 2006) (quoting *Wilson v. Seiter*, 501 U.S. 294, 297 (1991)). Absent exceptional circumstances, unsuccessful medical treatment, negligent acts, medical malpractice, or disagreement with medical treatment or decisions whether to provide additional treatment do not constitute deliberate indifference. *Gobert v. Caldwell*, 463 F.3d 339, 345–46 (5th Cir. 2006). One seeking to overcome an official's invocation of qualified immunity must show, among other things, that the official has violated a clearly established constitutional right. *Harris v. Victoria Indep. Sch. Dist.*, 168 F.3d 216, 223 (5th Cir. 1999).

The record shows that Gomez had medical appointments with the defendants; one of the defendants prescribed medication for him. Additionally, there is nothing in the record to show that the defendants exhibited "a wanton disregard for any serious medical needs." *See Gobert*, 463 F.3d at 346. The record thus shows no error in connection with the district court's conclusions

No. 18-50848

that the defendants were entitled to qualified immunity and that they did not exhibit deliberate indifference to Gomez's serious medical needs.

AFFIRMED.