# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-20547
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
March 20, 2020

Lyle W. Cayce
Clerk

PRINCE MCCOY,

                    Plaintiff-Appellant

v.

J. ESQUIVEL,

                    Defendant-Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:17-CV-763

Before WIENER, COSTA, and ENGELHARDT, Circuit Judges.

PER CURIAM:[*]

Prince McCoy, Texas prisoner # 852958, brought suit under 42 U.S.C. § 1983 against correctional officer Javier Esquivel, alleging the use of excessive force and deliberate indifference to medical needs, in violation of the Eighth Amendment. The district court granted Esquivel's motion for summary judgment and dismissed the action.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-20547

We review the district court's grant of summary judgment de novo. *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 328 (5th Cir. 2017). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). But when, as here, a defendant asserts a qualified immunity defense against a § 1983 claim, the plaintiff has the burden of "establishing a genuine fact issue as to whether the [defendant's] allegedly wrongful conduct violated" a clearly established constitutional right. *See Brown v. Callahan*, 623 F.3d 249, 253 (5th Cir. 2010); *Thompson v. Upshur Cty.*, 245 F.3d 447, 456–57 (5th Cir. 2001).

To prevail on a claim of excessive force, a plaintiff must show that force was not "applied in a good-faith effort to maintain or restore discipline," but rather "maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 6–7 (1992). Factors relevant to this inquiry include the following: "(1) the extent of the injury suffered; (2) the need for the application of force; (3) the relationship between the need and the amount of force used; (4) the threat reasonably perceived by the responsible officials; and (5) any efforts made to temper the severity of a forceful response." *Baldwin v. Stalder*, 137 F.3d 836, 838–39 (5th Cir. 1998) (citing *Hudson* factors); *see also Wilkins v. Gaddy*, 559 U.S. 34, 34 (2010).

According to McCoy, Officer Scott was escorting him from court back to his cell when McCoy asked to have his blood sugar checked. Medical staff did not have the necessary equipment available, so Esquivel told McCoy to return to his cell. McCoy—who was handcuffed and leaning against the wall on his left side while Scott held his right arm—replied that his blood sugar was low and they would "have to carry [him] up the stairs." At that point, Esquivel told McCoy to "come on," Scott released McCoy's arm, and McCoy "went towards

2

the ground in a crouching position."[1]     McCoy contends that Esquivel, in response, pushed him to the floor and "smash[ed] [his] head to the ground." McCoy's forehead was bruised in the process.

On this basis, McCoy contends that there are genuine issues of material fact on his excessive force claim.  Specifically, he argues that he established he was in a weakened state and posed no threat, Esquivel's actions were not necessary, and Esquivel acted with malicious intent by pushing him to the floor.  Having reviewed the summary judgment evidence, we agree with the district court that Esquivel's use of force was not unreasonable given McCoy's refusal to comply with orders and his downward movement.  *Thompson*, 245 F.3d at 456–57.

Turning to McCoy's claim concerning his medical treatment, a prison official violates the Eighth Amendment "when his conduct demonstrates deliberate indifference to a prisoner's serious medical needs, constituting an unnecessary and wanton infliction of pain."  *Easter v. Powell*, 467 F.3d 459, 463 (5th Cir. 2006) (quotations omitted).  McCoy argues that he showed a genuine dispute regarding whether Esquivel acted with deliberate indifference in denying him access to medical care for his low blood sugar, or hypoglycemia. This claim fails because the evidence does not support a genuine issue of material fact that Esquivel was aware that McCoy faced a "substantial risk of serious harm" because of his possible low blood sugar yet disregarded that risk. *See id.*  Nor does the evidence show that McCoy suffered "substantial harm" as a result of any delay in medical treatment.  *See Mendoza v. Lynaugh*, 989 F.2d

---

[1] McCoy contends on appeal that this action was to "brace himself for Esquivel's illegal assault," but he conceded that "Esquivel assumed [he] was jerking away" when he fell to the ground in his written use-of-force statement. The prison's use-of-force report also characterized McCoy's actions as "pull[ing] away" from his escort after "being upset and refusing to return to his cell."

191, 195 (5th Cir. 1993). We thus affirm the grant of summary judgment on this claim.[2]

In addition, McCoy sued Esquivel for monetary damages in his official capacity. But "the Eleventh Amendment bars recovering § 1983 money damages from [Texas correctional] officers in their official capacity." *Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002).

McCoy also asserts that the district court abused its discretion in denying his motion for leave to amend the complaint, through which he submitted factual evidence regarding the symptoms associated with low blood sugar. This challenge misconstrues the record, however, as the district court granted the motion in question.

Finally, McCoy argues that the district court abused its discretion in "ignoring" his motion to compel discovery and his related requests for the production of documents and depositions upon written questions. Because McCoy relies on vague assertions regarding the need for additional discovery, he has failed to show that the district court abused its discretion in denying his motion to compel and related discovery requests. *See Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1267 (5th Cir. 1991).

AFFIRMED.

---

[2] Although the district court granted summary judgment on this claim sua sponte, any error was harmless. *See Leatherman v. Tarrant Cty. Narcotics Intelligence & Coordination Unit*, 28 F.3d 1388, 1397–99 (5th Cir. 1994)