# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
September 27, 2022

Lyle W. Cayce
Clerk

No. 18-60183
Summary Calendar

John Ashley Hale,

*Plaintiff—Appellant*,

*versus*

Dr. Roland Abangan, *Official and Individual Capacity*; Dr. John Doe, *Official and Individual Capacity*; Kitchen Supervisor K. Chaney; John and Jane Does; Kitchen Supervisor C. Rutledge; Dr. Gurdial S. Sandhu; Trinity Food Service; Health Administrator Ollie Little; Governor Phil Bryant; Commissioner Marshall Fisher; Health Assurance; Unknown Glass, *Kitchen Supervisor*; Unknown Taylor, *Kitchen Supervisor;* Nurse Evalyn Dunn; Dr. Kim Nagel; Henry Ford; Centurion Health Care; Management Training Corporation; Archie Longley, *Deputy Commissioner*; Dr. Gloria Perry, *Chief Medical Officer*,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:15-CV-170

Before Jolly, Oldham, and Wilson, *Circuit Judges*.

Per Curiam:*

John Ashley Hale, Mississippi prisoner # 24720, filed a complaint under 42 U.S.C. § 1983 and the Title II of the Americans with Disabilities Act (ADA) alleging that the defendants' denial of adequate mental health care, medical care, and an appropriate diet constituted a failure to accommodate his disabilities in violation of Title II of the ADA and deliberate indifference to his serious medical needs in violation of the Eighth Amendment. He also raised claims of retaliation. Hale appeals the district court's summary judgment dismissal of his claims.[1]

Summary judgment is appropriate if the pleadings, admissions, and other competent evidence demonstrate "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). We review a district court's ruling on summary judgment de novo, "constru[ing] all facts and evidence in the light most favorable to the non-moving party." *Jennings v. Towers Watson*, 11 F.4th 335, 341 (5th Cir. 2021) (internal quotation marks and citation omitted).

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

[1] Hale does not argue in his initial brief that the district court erred in dismissing his claims that (1) Abangan and other defendants were deliberately indifferent to his serious medical needs because they failed to treat his hepatitis C with direct-acting antiviral drugs; (2) Dr. Gurdial Sandhu retaliated against him for filing a court case by intentionally misclassifying him during a mental health evaluation; (3) Trinity Services Group, Karen Chaney, Crystal Rutledge, Orlando Glass, and Patricia Taylor failed to provide adequate meals, including a high protein diet; and (4) Chaney, Radcliff, Rutledge, Glass, and Taylor retaliated against him for filing court cases and grievances by denying him food services. Hale has waived any challenge he might have raised regarding those claims. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

As an initial matter, Hale argues that the district court failed to consider evidence he submitted in support of his claims, including his medical records from the VA and medical articles from various sources. It is not clear whether the district court took that evidence into account when ruling on Hale's claims. However, nothing in those documents raises a genuine issue of material fact that would have precluded the district court's grant of summary judgment.

Hale argued that Abangan failed to adequately treat his chronic back pain and refused to order a high-protein diet. He also argued that Dunn and Nagel failed to adequately treat his mental health issues and prescribed medications that would damage his liver. As the district court held, Hale's disagreement with his medical treatment did not create a genuine issue of material fact as to whether those defendants were deliberately indifferent to his serious medical needs. *See Easter v. Powell*, 467 F.3d 459, 463 (5th Cir. 2006).

Nothing in the record supports Hale's claims that Abangan was deliberately indifferent or retaliated against him by intentionally failing to treat what Hale believed to be an infestation of mites, lice, or parasites. Nor has Hale shown that the district court erred in determining that he failed to produce any direct evidence of retaliation or allege a chronology of events from which retaliation could plausibly be inferred that would support his claim that Ford retaliated against him by removing him from the Pathway to Change rehabilitation program. *See Jones v. Greninger*, 188 F.3d 322, 324-25 (5th Cir. 1999).

No. 18-60183

Finally, the district court did not err in determining that Hale's complaints of inadequate medical care did not establish a claim under the ADA. *See Nottingham v. Richardson*, 499 F. App'x 368, 377 (5th Cir. 2012); *Hale v. King*, 642 F.3d 492, 499 (5th Cir. 2011).

Hale has not shown that the district court erred in dismissing his claims. The judgment of the district court is AFFIRMED. Hale's motion for the appointment of counsel is DENIED.